STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff Robert Strong

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT STRONG;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, JARRETT TONN, ANDREW BIDOU and DOE VALLEJO POLICE OFFICERS 1-25;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*);<br>2. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (False Arrest and *Monell*);<br>3. Negligence;<br>4. Battery;<br>5. Intentional Infliction of Emotional Distress;<br>6. False Imprisonment;<br>7. Bane Act Violation<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |
|---|---|

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF VALLEJO, JARRETT TONN, ANDREW BIDOU AND DOE VALLEJO OFFICERS 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and

1

attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1. Plaintiff Robert Strong, was at all times relevant to this complaint, living in the City of Vallejo, which is located within the Eastern District of California.

2. Defendant CITY OF VALLEJO ("VALLEJO") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. VALLEJO is a municipality located within the Eastern District of California.

3. Defendant Vallejo Police Chief Andrew Bidou was at all times relevant to this complaint employed as a law enforcement officer (Chief of Police) employed by the City of Vallejo when he engaged in the acts leading to the Plaintiffs' injuries. This Defendant is being sued in his official and individual capacity.

4. Defendant Officer Jarrett Tonn ("TONN"), is a police officer employed by the City of Vallejo and was employed as police officer for the City of Vallejo at the time of the incident in question. This Defendant is being sued in both his individual and official capacities.

5. Defendant Doe Vallejo Police Officers were employed by the City of Vallejo at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in both their individual and official capacities.

6. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Vallejo California, which is located in this district.

## III. STATEMENT OF FACTS

9. At approximately 2:15 pm on April 19th, 2017 at the location of Springs Road/Lassen St. in the city of Vallejo, the Plaintiff (who is African American) was riding on the bus with his special needs client to the client's house to drop the client off.

10. The Plaintiff then made a phone call as he walked to his parked car near the client' home.

11. Vallejo Police officer Tonn drove past on the opposite side of the street. The Plaintiff and Officer Tonn made eye contact as Tonn passed by, and as soon as the Plaintiff opened the door to his parked car while on the phone, Tonn had already made a U-Turn and pulled up in front of the Plaintiff's car.

12. Officer Tonn got out of his car, and approached Plaintiff and asked what was he doing in the neighborhood. The Plaintiff responded that he had dropped off his client at his client's house. Officer Tonn then told the Plaintiff that he ran the plates of his car and that they came up expired on April 2, 2017.

3

13. The Plaintiff politely corrected Officer Tonn and informed him that his registration did not expire until the end of April 2017. Officer Tonn informed the Plaintiff that he was recording on his body camera and the Plaintiff informed Tonn that he was recording the interaction on his cell phone.

14. At that moment, Officer Tonn reached for the claimant's phone and the claimant pulled away so that he couldn't grab his phone. Officer Tonn then threw the Plaintiff onto the ground and placed him into a chokehold, and told the Plaintiff to stop resisting while he was trying to breathe.

15. The officer put his knee onto the Plaintiff's head and forced it into the concrete.  The Plaintiff's lip scraped the concrete and started bleeding.  The Plaintiff was subsequently arrested and detained for two hours and then released with Officer Tonn saying, "You seem like a nice guy and you're working so I'll let you go".  He walked the Plaintiff outside.

16. Plaintiff filed a timely government claim against the City of Vallejo pursuant to California Government Code §910, et seq., for Negligence, Battery, Intentional Infliction of Emotional Distress, False Imprisonment, Bane Act Violation. Plaintiff's claims were subsequently rejected by Vallejo on November 17, 2017.

4

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*) – As to All Defendants)**

17. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

18. That Defendant Officer Tonn and Does 1-25, acting under color of law, used unreasonable and excessive force on April 19, 2017, by deliberately and intentionally grabbing the Plaintiff by his hair and slamming his head into a steering wheel, throwing the Plaintiff onto the ground and placing him into a chokehold, preventing him from being able to breathe. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) Defendant Officer Tonn knew or should have known, that the Plaintiff's arm could be harmed with the use of too much force and (v) other alternative methods were available to effectuate a seizure.

19. That Defendant Officer Tonn and Does 1-25, acting under color of law, used unreasonable and excessive force on April 19, 2017, by deliberately and intentionally putting his knee on the Plaintiff's head, forcing it into the concrete, scraping his lip and causing his mouth to bleed. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) Defendant Officer Tonn knew or should have known, that the Plaintiff's arm could be harmed with the use of too much force and (v) other alternative methods were available to effectuate a seizure.

5

Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

20. Defendant VALLEJO deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution by, among other things, does not train, or inadequately trains its officers regarding the handling of people for minor traffic offenses, so as not to cause these individuals to suffer harm.

21. Furthermore, VALLEJO has a widespread or longstanding custom and practice of not carefully handling individuals once they are in police custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

22. Defendant BIDOU, in his capacity as Chief of Police and also as the final policymaker for the VALLEJO police department, was a moving force behind the above failure/inadequacy to train and custom and practice at the time of the incident in question.

23. As a direct result of the named DEFENDANT OFFICER, VALLEJO AND BIDOU'S actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

24. The conduct of Defendant Officer Tonn as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by his conduct, Defendant Officer Tonn subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

25. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendant Officer Tonn in an amount according to proof.

## SECOND CLAIM

(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (False Arrest and** *Monel*) **– As to all Defendant Officers and Does 1-25**)

26. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

27. That on April 19, 2017, Defendant Officer Tonn and Does 1-25, acting under color of law, unlawfully seized the Plaintiff in violation of the Fourth Amendment by deliberately and intentionally placing the Plaintiff in handcuffs and placing him under arrest. (i) Plaintiff had not committed any crime; (ii) Plaintiff was confined by the actions of Defendant Tonn; (iii) defendant Tonn intended to cause the Plaintiff's confinement when he placed him in handcuffs and took him into custody; (iv) Defendant Tonn did not have probable cause to arrest the Plaintiff so the confinement was unlawful and (v) The Plaintiff was aware of this confinement.

28. Defendant VALLEJO deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution by, among other things, does not train, or inadequately trains its officers regarding the handling of people for minor traffic offenses, so as not to cause these individuals to suffer harm.

7

29. Furthermore, VALLEJO has a widespread or longstanding custom and practice of not carefully handling individuals once they are in police custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

30. Defendant BIDOU, in his capacity as Chief of Police and also as the final policymaker for the VALLEJO police department, was a moving force behind the above failure/inadequacy to train and custom and practice at the time of the incident in question.

31. As a direct result of the named DEFENDANT OFFICER, VALLEJO AND BIDOU'S actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

32. The conduct of Defendant Officer Tonn as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by his conduct, Defendant Officer Tonn subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

33. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendant Officer Tonn in an amount according to proof.

## THIRD CLAIM

### (Negligence – As to Defendant Officer Tonn, Vallejo and DOES 1-25)

34. By virtue of the foregoing, Defendant Officer Tonn owed Plaintiff a duty of due care not to cause the Plaintiff to suffer excessive force/ battery, intentional infliction of emotional distress, false arrest/ false imprisonment, and that this duty was breached by the Defendant's negligence and failure to exercise due care in his handling of the Plaintiff.

35. As a direct and proximate cause of the aforementioned acts of Defendant, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

36. Defendant Officer Tonn is liable for all injuries caused by his acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

37. Defendant Tonn as a public employee is not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

38. Because Defendant Officer Tonn was acting as an employee of Vallejo at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

# FOURTH CLAIM

**(Battery – As to Defendant Officer Tonn, Vallejo and DOES 1-25)**

39. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

40. Defendant Officer Tonn and DOES 1-25 while working as police officers for VALLEJO, committed a Battery upon the Plaintiff's person by deliberately and intentionally grabbing the Plaintiff by his hair, slamming his head into a steering wheel, throwing the Plaintiff onto the ground and placing him into a chokehold, preventing him from being able to breathe. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) Defendant Officer Tonn knew or should have known, that the Plaintiff's arm could be harmed with the use of too much force and (v) other alternative methods were available to effectuate a seizure.

41. Defendant Officer Tonn and DOES 1-25 while working as police officers for VALLEJO, committed a Battery upon the Plaintiff's person by deliberately and intentionally putting his knee on the Plaintiff's head, forcing it into the concrete, scraping his lip and causing his mouth to bleed. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) Defendant Officer Tonn knew or should have known, that the Plaintiff's arm could be harmed with the use of too much force and (v) other alternative methods were available to effectuate a seizure.

42. Defendant Officer Tonn is liable for all injuries caused by his acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

43. Defendant Tonn as a public employee is not exonerated or immune from liability for Battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

44. Because Defendant Officer Tonn was acting as an employee of Vallejo at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for Battery pursuant to California Government Code §815.2.

45. Defendant Officer Tonn's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

## FIFTH CLAIM

**(Intentional Infliction of Emotional Distress – As to Defendant Officer Tonn, Vallejo and DOES 1-25)**

46. Based on the following it is alleged that Defendant Officers are also liable to the Plaintiff for Intentional Infliction of Emotional Distress.

47. That Defendant Officer Tonn deliberately and intentionally grabbing the Plaintiff by his hair, slamming his head into a steering wheel, throwing the Plaintiff onto the ground and placing him into a chokehold, preventing him from being able to breathe was extreme and outrageous;

48. Defendant Officer Tonn deliberately and intentionally putting his knee on the Plaintiff's head, forcing his head into the concrete, and causing his mouth to bleed was extreme and outrageous;

11

49. That with these acts, Defendant Officer Tonn intended to cause the Plaintiff severe emotional distress;

50. Defendant Officer Tonn is liable for all injuries caused by his acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

51. Defendant Tonn as a public employee is not exonerated or immune from liability for Intentional Infliction of Emotional Distress for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

52. Because Defendant Officer Tonn was acting as an employee of Vallejo at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for Intentional Infliction of Emotional Distress pursuant to California Government Code §815.2.

53. Defendant Officers and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

# FIFTH CLAIM

(**False Imprisonment – As to Defendant Officer Tonn, Vallejo and DOES 1-25**)

54. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

55. That on April 19, 2017, Defendant Officer Tonn and Does 1-25, while employed and on duty as VALLEJO police officers, falsely imprisoned the Plaintiff by deliberately and intentionally placing the Plaintiff in handcuffs and placing him under arrest. (i) Plaintiff had not committed any crime; (ii) Plaintiff was confined by the actions of Defendant Tonn; (iii) defendant Tonn intended to cause the Plaintiff's confinement when he placed him in handcuffs and took him into custody; (iv) Defendant Tonn did not have probable cause to arrest the Plaintiff so the confinement was unlawful and (v) The Plaintiff was aware of this confinement.

56. Defendant Officer Tonn is liable for all injuries caused by his acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

57. Defendant Tonn as a public employee is not exonerated or immune from liability for False Imprisonment for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

58. Because Defendant Officer Tonn was acting as an employee of Vallejo at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for False Imprisonment pursuant to California Government Code §815.2.

59. Defendant Officer Tonn and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

## SEVENTH CLAIM

**(BANE ACT VIOLATION – As to Defendant Officer Tonn, Vallejo and DOES 1-25)**

60. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

61. Defendant Officer Tonn interfered with Plaintiff's Fourth Amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when he deliberately and intentionally grabbed the Plaintiff by his hair, slammed his head into a steering wheel, threw the Plaintiff onto the ground and placed him into a chokehold, preventing him from being able to breathe.

62. Defendant Officer Tonn interfered with Plaintiff's Fourth Amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when he deliberately and intentionally put his knee on the Plaintiff's head, forcing his head into the concrete, and causing his mouth to bleed.

63. That upon observing Defendant Officer Tonn using excessive force upon his person, the Plaintiff reasonably believed that if he exercised his right to be free from the unlawful use of excessive force upon his person, that Defendant Officer Tonn would commit violence against him.

64. That Defendant Officer Tonn injured the Plaintiff to prevent him from exercising these rights.

65. That Plaintiff was harmed because he suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on him by Defendant Officer Tonn and;

66. Defendant Officer Tonn's use of excessive force to prevent the Plaintiff from exercising his rights was a substantial factor in causing his harm.

67. Because Defendant Officer Tonn was acting as an employee of VALLEJO at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for BANE ACT violation pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: May 15, 2018          /s/ STANLEY GOFF
STANLEY GOFF
Attorney for Plaintiff
Robert Strong