**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel:  (707) 648-4545
Fax:  (707) 648-4687
Email: timothy.smyth@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO,
JARRETT TONN, and ANDREW BIDOU

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT STRONG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF VALLEJO, JARRETT TONN, ANDREW BIDOU and DOE VALLEJO POLICE OFFICERS 1-25;<br><br>　　　　Defendants. | Case No:  2:18-cv-01246-WBS-AC<br><br>**ANSWER OF DEFENDANTS CITY OF VALLEJO, JARRETT TONN, AND ANDREW BIDOU TO PLAINTIFF'S COMPLAINT; JURY TRIAL DEMANDED** |

COMES NOW Defendants CITY OF VALLEJO (hereinafter "City"), JARRETT TONN, and ANDREW BIDOU (hereinafter referred "Defendants") answer Plaintiffs' Complaint for Damages as follows:

　　i.　　Answering the preamble, Defendants admit that the Plaintiffs have filed a Complaint for Damages asserting causes of action, but deny any unconstitutional or tortious conduct giving rise to said causes of action.

//
//
//

## I. PARTIES

1. Answering the first paragraph, Defendants lack sufficient information to admit or deny that Plaintiff Robert Strong was at all times relevant to the complaint living in the City of Vallejo.

2. Answering the second paragraph, Defendants admit that the CITY OF VALLEJO is a municipal corporation duly formed under the laws of the State of California and located within the Eastern District of California.

3. Answering the third paragraph, Defendants admit Chief ANDREW BIDOU was at all times relevant to the complaint employed by the CITY OF VALLEJO as a peace officer and Chief of Police at the time of the alleged incident giving rise to this action. Defendants admit that Plaintiffs assert that they bring claims against Chief ANDREW BIDOU in his official and individual capacity. Defendants deny any acts of Chief ANDREW BIDOU were a legal cause of Plaintiff's injuries.

4. Answering the fourth paragraph, Defendants admit that JARRETT TONN was at all times relevant to the complaint employed by the CITY OF VALLEJO as a peace officer at the time of the incident giving rise to this action. Defendants admit that Plaintiffs assert that they bring claims against JARRETT TONN in his official and individual capacity. Defendants deny any acts of TONN were a legal cause of Plaintiff's injuries

5. Answering the fifth paragraph, Defendants are without sufficient knowledge or information to admit or deny employment of any DOE Defendants. Defendants admit that CITY OF VALLEJO is a municipal corporation that employs Vallejo Police Department officers.

6. Answering the sixth paragraph, Defendants admit all acts were authorized by law, and deny any wrongdoing in the commission of any acts or omissions in any way pertaining to the complaint.

## II. JURISDICTION

7. Answering the seventh paragraph, Defendants admit that this Court has jurisdiction.

8. Answering the eight paragraph, Defendants admit that this Court is the proper venue.

### III.   STATEMENT OF FACTS

9. Answering the ninth paragraph, Defendants admit that the alleged events giving rise to this case occurred in the afternoon of April 19, 2017, at the location of Springs Road/Lassen St. in the city of Vallejo.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations stated and on that basis deny each and every remaining allegation in this paragraph.

10. Answering the tenth paragraph, Defendants are without sufficient knowledge or information to admit or deny the allegations stated and on that basis deny each and every remaining allegation in this paragraph.

11. Answering the eleventh paragraph, Defendants admit JARRETT TONN was driving on the opposite side of the street.  Defendants deny JARRETT TONN made eye contact with Plaintiff and are without sufficient knowledge or information to admit or deny the allegations stated and on that basis deny each and every remaining allegation in this paragraph.

12. Answering the twelfth paragraph, Defendants admit that JARRETT TONN got out of his car and told the Plaintiff that he ran the plates of his car and they came up expired as of April 2, 2017.  Defendants deny JARRETT TONN asked what Plaintiff was doing in the neighborhood and are without sufficient knowledge or information to admit or deny the remaining allegations stated and on that basis deny each and every remaining allegation in this paragraph.

13. Answering the thirteenth paragraph, Defendants admit Plaintiff began to argue that the vehicle's registration was not expired, and that at some point during the interaction JARRETT TONN notified Plaintiff he was recording on his body camera.   Defendants deny each and every remaining allegation in this paragraph.

14. Answering the fourteenth paragraph, Defendants deny the allegations as stated in this paragraph.

15. Answering the fifteenth paragraph, Defendants admit Plaintiff was arrested and subsequently released.  Defendants admit JARRETT TONN had a lengthy conversation at the jail with Plaintiff prior to his release.  Defendants deny the remaining allegations stated in this paragraph.

16. Answering the sixteenth paragraph, Defendants admit that Plaintiff submitted a claim and that that claim was rejected.

## IV.   CAUSES OF ACTION

### FIRST CLAIM
**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C. §1983 (Excessive Force and *Monell*) – As to All Defendants)**

17. Answering the seventeenth paragraph, Defendants re-allege their answers to the paragraphs 1-16 above with the same force and effect as if they were herein set out in full. Defendants deny that Plaintiffs' rights were violated and each and every allegation contained therein.

18. Answering the eighteenth paragraph, Defendants deny each and every allegation contained therein.

19. Answering the nineteenth paragraph, Defendants deny each and every allegation contained therein.

20. Answering the twentieth paragraph, Defendants deny each and every allegation contained therein.

21. Answering the twenty-first paragraph, Defendants deny each and every allegation contained therein.

22. Answering the twenty-second paragraph, Defendants deny each and every allegation contained therein.

23. Answering the twenty-third paragraph, Defendants deny each and every allegation contained therein.

24. Answering the twenty-fourth paragraph, Defendants deny each and every allegation contained therein.

25. Answering the twenty-fifth paragraph, Defendants deny each and every allegation contained therein.

## SECOND CLAIM
### (Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (False Arrest and Monell) – As to all Defendant Officers and Does 1-25)

26. Answering the twenty-sixth paragraph, Defendants re-allege their answers to the paragraphs 1-25 above with the same force and effect as if they were herein set out in full. Defendants deny that Plaintiffs' rights were violated and each and every allegation contained therein.

27. Answering the twenty-seventh paragraph, Defendants deny each and every allegation contained therein.

28. Answering the twenty-eighth paragraph, Defendants deny each and every allegation contained therein.

29. Answering the twenty-ninth paragraph, Defendants deny each and every allegation contained therein.

30. Answering the thirtieth paragraph, Defendants deny each and every allegation contained therein.

31. Answering the thirty-first paragraph, Defendants deny each and every allegation contained therein.

32. Answering the thirty-second paragraph, Defendants deny each and every allegation contained therein.

33. Answering the thirty-third paragraph, Defendants deny each and every allegation contained therein.

## THIRD CLAIM
### (Negligence – As to Defendant Officer Tonn, Vallejo and DOES 1-25)

34. Answering the thirty-fourth paragraph, Defendants deny each and every allegation contained therein.

//

35. Answering the thirty-fifth paragraph, Defendants deny each and every allegation contained therein.

36. Answering the thirty-sixth paragraph, Defendants deny each and every allegation contained therein.

37. Answering the thirty-seventh paragraph, Defendants deny each and every allegation contained therein.

38. Answering the thirty-eighth paragraph, Defendants deny each and every allegation contained therein.

## FOURTH CLAIM
### (Battery – As to Defendant Officer Tonn, Vallejo and DOES 1-25)

39. Answering the thirty-ninth paragraph, Defendants re-allege their answers to the paragraphs 1-38 above with the same force and effect as if they were herein set out in full. Defendants deny that Plaintiffs' rights were violated and each and every allegation contained therein.

40. Answering the fortieth paragraph, Defendants deny each and every allegation contained therein.

41. Answering the forty-first paragraph, Defendants deny each and every allegation contained therein.

42. Answering the forty-second paragraph, Defendants deny each and every allegation contained therein.

43. Answering the forty-third paragraph, Defendants deny each and every allegation contained therein.

44. Answering the forty-fourth paragraph, Defendants deny each and every allegation contained therein

45. Answering the forty-fifth paragraph, Defendants deny each and every allegation contained therein.

//

//

## FIFTH CLAIM
### (Intentional Infliction of Emotional Distress – As to Defendant Officer Tonn, Vallejo and DOES 1-25)

46. Answering the forty-sixth paragraph, the averments contained in this paragraph are conclusions of law to which no response is required.

47. Answering the forty-seventh paragraph, Defendants deny each and every allegation contained therein.

48. Answering the forty-eighth paragraph, Defendants deny each and every allegation contained therein.

49. Answering the forty-ninth paragraph, Defendants deny each and every allegation contained therein.

50. Answering the fiftieth paragraph, Defendants deny each and every allegation contained therein.

51. Answering the fifty-first paragraph, Defendants deny each and every allegation contained therein.

52. Answering the fifty-second paragraph, Defendants deny each and every allegation contained therein.

53. Answering the fifty-third paragraph, Defendants deny each and every allegation contained therein.

## FIFTH (sic) CLAIM
### (False Imprisonment – As to Defendant Officer Tonn, Vallejo and DOES 1-25)

54. Answering the fifty-third paragraph, Defendants reallege their answers to the paragraphs 1-53 above with the same force and effect as if they were herein set out in full. Defendants deny that Plaintiffs' rights were violated and each and every allegation contained therein.

55. Answering the fifty-fifth paragraph, Defendants deny each and every allegation contained therein.

56. Answering the fifty-sixth paragraph, Defendants deny each and every allegation contained therein.

57. Answering the fifty-seventh paragraph, Defendants deny each and every allegation contained therein.

58. Answering the fifty-eighth paragraph, Defendants deny each and every allegation contained therein.

59. Answering the fifty-ninth paragraph, Defendants deny each and every allegation contained therein.

## SEVENTH CLAIM
### (BANE ACT VIOLATION – As to Defendant Officer Tonn, Vallejo and DOES 1-25)

60. Answering the sixtieth paragraph, Defendants re-allege their answers to the paragraphs 1-59 above with the same force and effect as if they were herein set out in full. Defendants deny that Plaintiffs' rights were violated and each and every allegation contained therein.

61. Answering the sixty-first paragraph, Defendants deny each and every allegation contained therein.

62. Answering the sixty-second paragraph, Defendants deny each and every allegation contained therein.

63. Answering the sixty-third paragraph, Defendants deny each and every allegation contained therein.

64. Answering the sixty-fourth paragraph, Defendants deny each and every allegation contained therein.

65. Answering the sixty-fifth paragraph, Defendants deny each and every allegation contained therein.

66. Answering the sixty-sixth paragraph, Defendants deny each and every allegation contained therein.

67. Answering the sixty-seventh paragraph, Defendants deny each and every allegation contained therein.

## V.   PRAYER

Defendants deny that Plaintiff is entitled to the relief requested or any relief at all whatsoever.

## VI.   AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendants allege that the Complaint for Damages fails to state any claim upon which relief can be granted.

2. As a second affirmative defense, Defendants allege that Plaintiffs' claims are barred by the applicable statutes of limitation.

3. As a third affirmative defense, Defendants allege that Plaintiffs' own negligent conduct proximately contributed to the alleged injuries and damages.  Any jury verdict in Plaintiffs' favor that may be rendered in this case, therefore, must be reduced by the percentage that plaintiffs' conduct contributed to any of his or her damages or injuries.

4. As a fourth affirmative defense, Defendants allege that at all times herein mentioned, all actions taken by the Defendant officers were reasonable under the circumstances and taken under a reasonable belief that the actions were not unlawful.  The Defendant officers are therefore entitled to qualified immunity from liability for matters set forth in the Complaint for Damages.

5. As a fifth affirmative defense, Defendants allege that any harm which came to Plaintiffs were a direct and proximate cause of their own actions.

6. As a sixth affirmative defense, Defendants allege Plaintiffs' alleged damages or injuries were aggravated by Plaintiffs' failure to use reasonable diligence to mitigate them.

7. As a seventh affirmative defense, Defendants allege that any of Plaintiffs' damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the Defendants are not responsible.  Should Plaintiffs be entitled to recover under the Complaint for Damages, any recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

8. As an eighth affirmative defense, Defendants allege that the defendant officers were acting in their official capacities at all times relevant to this action, and any alleged actions

were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

9. As a ninth affirmative defense, Defendants allege that all actions taken were privileged as a matter of law. Consequently, no liability can be cast upon them in their individual capacities to the extent they become parties to this lawsuit.

10. As a tenth affirmative defense, the Defendants allege that ROBERT STRONG's arrest and/or detention was made lawfully with probable cause or reasonable suspicion.

11. As an eleventh affirmative defense, Defendants allege that plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of the risk involved, assumed the risk of injuries and damages.

12. As a twelfth affirmative defense, Defendants allege that Defendant shall only be responsible for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

13. As a thirteenth and separate affirmative defense, Defendants allege that Plaintiffs' Complaint exceeds the scope of their government claim, both in respect to theories of liability asserted and to injuries and damages claimed. It is therefore barred pursuant to Government Code §§ 900 et seq. and Code of Civil Procedure § 313.

14. As a fourteenth and separate affirmative defense. Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

15. As a fifteenth affirmative defense, the Defendants allege that Plaintiffs' claims against the City under 42 U.S.C. § 1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior*. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

16. As a sixteenth affirmative defense, the Defendants allege that they are immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Sections 835, 835(a), 836 and 836.5.

17. As a seventeenth affirmative defense, the Defendants allege that Plaintiffs are not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

18. As an eighteenth affirmative defense, the Defendants allege that Plaintiffs' claims for punitive damages are barred by the provisions of Government Code section 818 and City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

19. As a tenth affirmative defense, the Defendants allege that Plaintiffs' state claims are barred pursuant to California Government Code sections 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820,4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4. Said sections are pleaded as though fully set forth herein.

## DEMAND FOR JURY

Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR JUDGMENT

Wherefore the Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That the Defendants be awarded the costs of defending this lawsuit;
3. That the Defendants be awarded a judgment against the Plaintiff; and
4. For such other and further relief as this Court deems proper.

DATED:  November 30, 2018                    Respectfully submitted,

                                         */s/ Timothy R. Smyth*
                                         TIMOTHY R. SMYTH
                                         Deputy City Attorney
                                         Attorney for Defendants CITY OF VALLEJO, JARRETT TONN, and ANDREW BIDOU