**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
Email:  timothy.smyth@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO,
JARRETT TONN, and ANDREW BIDOU

STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, Ca 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Robert Strong

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT STRONG,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF VALLEJO, JARRETT TONN,<br>ANDREW BIDOU and DOE VALLEJO<br>POLICE OFFICERS 1-25;<br><br>　　　　　Defendants. | Case No:   **2:18-cv-01246-WBS-AC**<br><br><br>**JOINT STATUS REPORT** |

　　　　Pursuant to the court's order dated June 29, 2018, the parties hereby submit the following

joint status report:

*//*

---

(a)     a brief summary of the claims:

**Plaintiff's Statement**

At approximately 2:15 pm on April 19th, 2017 at the location of Springs Road/Lassen St. in the city of Vallejo, the Plaintiff (who is African American) was riding on the bus with his special needs client to the client's house to drop the client off. The Plaintiff then made a phone call as he walked to his parked car near the client's home.

Vallejo Police officer Tonn drove past on the opposite side of the street.  The Plaintiff and Officer Tonn made eye contact as Tonn passed by, and as soon as the Plaintiff opened the door to his parked car while on the phone, Tonn had already made a U-Turn and pulled up in front of the Plaintiff's car.

Officer Tonn got out of his car, and approached Plaintiff and asked what was he doing in the neighborhood. The Plaintiff responded that he had dropped off his client at his client's house. Officer Tonn then told the Plaintiff that he ran the plates of his car and that they came up expired on April 2, 2017. The Plaintiff politely corrected Officer Tonn and informed him that his registration did not expire until the end of April 2017. Officer Tonn informed the Plaintiff that he was recording on his body camera and the Plaintiff informed Tonn that he was recording the interaction on his cell phone.

At that moment, Officer Tonn reached for the claimant's phone and the claimant pulled away so that he couldn't grab his phone. Officer Tonn then threw the Plaintiff onto the ground and placed him into a chokehold, and told the Plaintiff to stop resisting while he was trying to breathe.

The officer put his knee onto the Plaintiff's head and forced it into the concrete.  The Plaintiff's lip scraped the concrete and started bleeding.  The Plaintiff was subsequently arrested and detained for two hours and then released with Officer Tonn saying, "You seem like a nice guy and you're working so I'll let you go".  He walked the Plaintiff outside and let him go.

Based on these facts, Plaintiff alleges the following claims: Excessive Force, False Arrest, Negligence, Battery, Intentional Infliction of Emotional Distress, False Imprisonment and BANE Act violation.

**Defendants' Statement**

Defendants deny any and all wrongdoing on their part and allege all of their actions were reasonable under the totality of the circumstances.

(b)      a statement as to the status of service upon all defendants:

Each of the aforementioned named Defendants has been served with Plaintiffs' operative complaint as of the date of this report.

(c)      a statement as to the possible joinder of additional parties:

Plaintiff and Defendants do not anticipate adding any parties.

(d)      any contemplated amendments to the pleadings:

Plaintiff and Defendants do not anticipate any amendments to the pleadings at this time.

(e)      the statutory basis of jurisdiction and venue:

Defendants do not dispute jurisdiction and venue are proper in this matter.

(f)      a written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f):

The parties conducted their Rule 26(f) conference by phone on December 20, 2018, and the parties have agreed to exchange initial disclosures as required by Federal Rule of Civil Procedure 26, on or before January 31, 2019.  The parties will enter into a stipulated protective order for confidential documents so that the parties may designated as confidential certain documents, such as peace officer personnel files.

Plaintiff intends to conduct discovery to ascertain all facts and circumstances related to the event subject to this lawsuit including discovery of any possible third party witnesses.

Defendants intend to conduct discovery to ascertain all facts and circumstances related to the event subject to this lawsuit including discovery of any possible third party witnesses. Defendants will also conduct discovery into the plaintiffs' alleged damages.   Defendants anticipate discovery on any matter that is relevant to plaintiffs' claims herein.   Defendants do not request that discovery be conducted in phases.

All other discovery is to be conducted pursuant to the Federal Rules of Civil Procedure.

//

The parties propose the following dates:

              a)        Close of fact discovery- September 30, 2019

              b)        Expert reports and disclosures– November 15, 2019

              c)        Rebuttal expert disclosures – December 3, 2019

              d)        Pretrial Conference – May 18, 2020

              e)        Trial –June 16, 2020

      (g)        proposed cut−off date by which all discovery shall be concluded:

The parties agree to complete discovery by January 31, 2020.

      (h)        proposed date by which all motions shall be filed and heard:

The parties agree to a last day for dispositive motions to be heard on March 31, 2020.

      (i)        any proposed modification of standard pretrial proceedings due to the special nature of the action:

The parties do not anticipate any special proceedings at this time.

      (j)        the estimated length of trial:

The parties estimate a 3-5-day jury trial.

      (k)        a statement as to whether the case is related to any other case, including any matters in bankruptcy:

At this time the Parties are unaware of any ongoing cases related to this matter.

      (l)        any other matters discussed in Local Rule 240 that may add to the just and expeditious disposition of this matter:

At this time the parties anticipate moving this case forward without any special needs, and reserve the right to mediate through the Court's alternative dispute resolution programs and/or private mediation.

//

//

//

//

1

      (m)    a statement by any nongovernmental corporate party identifying all of its parent

2

and subsidiary corporations and listing any publicly held company that owns 10% or more of the

3

party's stock:

4

      None of the parties are a nongovernmental corporate entity.

5

6

DATED:  December 28, 2018            Respectfully submitted,

7

8

                               /s/ Timothy R. Smyth

9

                       TIMOTHY R. SMYTH
Deputy City Attorney

10

                       Attorney for CITY OF VALLEJO

11

DATED:  December 28, 2018

12

13

                               /s/ Stanley Goff

14

                       STANLEY GOFF
Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28