**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687

**PORTER | SCOTT**
John R. Whitefleet, SBN 213301
Kavan J. Jeppson, SBN 327547
PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA
Tel: (916) 929-1481
Fax: (916) 927-3706
Email: jwhitfleet@porterscott.com

Attorneys for Defendants: CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN
*Exempt from Filing Fees Pursuant to Government Code § 6103*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT STRONG,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, JARRETT TONN; ANDREW BIDOU, and DOE VALLEJO POLICE OFFICER,<br><br>Defendants. | Case No.: 2:18-CV-01246-WBS-AC<br><br>**DEFENDANTS MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  June 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor |

Defendants[1] CITY OF VALLEJO and JARRETT TONN hereby move for summary judgment and submit the following memorandum of points and authorities in support.

---

[1] Plaintiff, through his counsel, has represented that Plaintiff has agreed to dismiss Defendant ANDREW BIDOU as a party.  Relying on said representation, and in anticipation of his dismissal, Defendant BIDOU is omitted from said motion.

{02185963.DOCX}                                              i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**TABLE OF CONTENTS**

I.      INTRODUCTION ...........................................................................................1

II.     STATEMENT OF FACTS ............................................................................1

III.    CLAIMS OF COMPLAINT ........................................................................3

IV.     PLAINTIFF CANNOT ESTABLISH HIS CLAIM FOR VIOLATION OF THE
        FOURTH AMENDMENT / FALSE ARREST ...........................................4

        A.  Plaintiff was reasonably detained for officer safety purposes.....................4

        B.  Probable Cause existed for the arrest ..........................................................6

V.      PLAINTIFF CANNOT ESTABLISH HIS CLAIM FOR EXCESSIVE FORCE
        BECAUSE THE UNDISPUTED FACTS ESTABLISH THE FORCE USED WAS
        REASONABLE IN LIGHT OF THE FACTS AND CIRCUMSTANCES ...................8

VI.     OFFICER TONN IS ENTITLED TO QUALIFIED IMMUNITY REGARDING
        PLAINTIFF'S CLAIMS OF EXCESSIVE FORCE AND FALSE ARREST  .............11

VII.    PLAINTIFF CANNOT ESTABLISH A *MONELL* CLAIM AGAINST THE CITY  ..14

VIII.   PLAINTIFF CANNOT ESTABLISH THE ELEMENTS NEEDED FOR A STATE
        LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS  ....15

IX.     PLAINTIFF CANNOT ESTABLISH A BANE ACT VIOLATION  ..........................17

X.      CONCLUSION  .................................................................................................18

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

# TABLE OF AUTHORITIES

**Cases**

*Arpin v. Santa Clara Valley Transp. Agency*

   261 F.3d 912 (9th Cir. 2001)...................................................................................................4

*Asgari v. City of Los Angeles*

   15 Cal.4th 744 (1997).........................................................................................................4

*Atwater v. City of Lago Vista*

   532 U.S. 318 (2001) ...........................................................................................................7

*Barry v. Fowler*

   902 F.2d 770 (9th Cir. 1990)..............................................................................................7

*Blankenhorn v. City of Orange*

   485 F.3d 463 (9th Cir. 2007)............................................................................................15

*Board of County Commissioners of Bryan County Oklahoma v. Brown*

   520 U.S. 397 (1997) .........................................................................................................14

*Brosseau v. Haugen*

   543 U.S. 194 (2004) .........................................................................................................13

*Bulfer v. Dobbins*

   No. 09-CV-1250 JLS POR) 2011 WL 530039 (S.D. Cal., Feb. 7, 2011) ...........................7

*Canton v. Harris*

   489 U.S. 378 (1989) ..................................................................................................14, 15

*Christensen v. Superior Court*

   54 Cal.3d 868 (1991).......................................................................................................16

*Connick v. Thompson*

   63 U.S. 51 (2011).  .........................................................................................................14

*Cornell v. City and County of San Francisco*

   17 Cal.App.5th 766 (2017)..........................................................................................17, 18

*City and County of San Francisco v. Sheehan*

{02185963.DOCX}                                                    iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

135 S. Ct. 1765 (2015) .................................................................................................12

*City of Escondido v. Emmons*

139 S.Ct. 500 (2019) ...................................................................................................12

*Craft v. County of San Bernardino*

468 F.Supp.2d 1172 (C.D. Cal. 2006)........................................................................18

*Crescent City v. Butcher's Union*

120 U.S. 141 (1887) ......................................................................................................8

*C.V. by and through Villegas v. City of Anaheim*

823 F.3d 1252 (9th Cir. 2016)......................................................................................11

*Davis v. City of Ellensburg*

869 F.2d 1230 (9th Cir. 1989)......................................................................................14

*Devenpeck v. Alford*

543 U.S. 146 (2004) .................................................................................................6, 7

*District of Columbia v. Wesby*

138 S.Ct. 577 (2018) ..........................................................................................6, 8, 12

*Edson v. City of Anaheim*

63 Cal.App.4th 1269 (1989)...........................................................................................8

*George v. Morris*

724 F.3d 1191, 1200 (9th Cir. 2013)..............................................................................9

*Graham v. Conner*

490 U.S. 386 (1989), .........................................................................................8, 9, 10, 13

*Gravelet-Blondin v. Shelton*

728 F.3d 1086 (9th Cir. 2013)........................................................................................6

*Green v. City & Cty. of San Francisco*

751 F.3d 1039 (9th Cir. 2014)......................................................................................16

*Harlow v. Fitzgerald*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02185963.DOCX}                                   iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

457 U.S. 800 (1982 ..............................................................................................................11

*Harvey v. City of Fresno*

No. 108CV01399OWWDLB, 2010 WL 892114 (E.D. Cal. Mar. 9, 2010)...................................7

*Headwaters Forest Def. v. Cnty. of Humboldt*

276 F.3d 1125, 1130 (9th Cir. 2002).........................................................................................9

*Hughes v. Pair*

46 Cal.4th 1035 (2009).............................................................................................................16

*Hunter v. Bryant*

502 U.S. 224 (1991) ..............................................................................................................8, 11

*Kisela v. Hughes*

138 S. Ct. 1148 (2018) ................................................................................................11, 12, 13

*Lacey v. Maricopa County*

693 F.3d 896 (9th Cir. 2012)......................................................................................................6

*Lanier v. City of Fresno*

2011 U.S. Dist. LEXIS 4631 (E.D. Cal. 2011) .........................................................................17

*Luong v. City & Cty. of San Francisco*

No. C11-5661 MEJ, 2012 WL 5869561 (N.D. Cal. Nov. 19, 2012) ........................................16

*Luong v. City & Cty. of San Francisco Police Dep't*

630 F. App'x 691 (9th Cir. 2015)..............................................................................................16

*Martinez v. City of Los Angeles*

141 F.3d 1373 (9th Cir.1998)......................................................................................................4

*Maxwell v. County of San Diego*

697 F.3d 941 (9th Cir. 2012).......................................................................................................6

*Menotti v. City of Seattle*

409 F.3d 1113 (9th Cir. 2005).....................................................................................................14

*Monell v. Dept. of Soc. Servs.*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02185963.DOCX}                                         v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

436 U.S. 658 (1978) ........................................................................................................14

*Mullenix v. Luna*

136 S. Ct. 305 (2015) .....................................................................................................12

*Pearson v. Callahan*

555 U.S. 223 (2009) ...................................................................................................... 11

*People v. Castellon*

76 Cal. App. 4th 1369 (1999).........................................................................................5

*People v. Vibanco*

151 Cal. App. 4th 1 (2007)..............................................................................................5

*Plumhoff v. Rickard*

134 S.Ct. 2012 (2014) ...................................................................................................13

*Potter v. Firestone Tire & Rubber Co.*

6 Cal.4th 965 (1993)......................................................................................................16

*Reese v. County of Sacramento*

888 F.3d 1030 (9th Cir. 2018)........................................................................................18

*Salazar v. Upland Police Dep't*

116 Cal. App. 4th 934 (2004)..........................................................................................7

*S.B. v. County of San Diego*

864 F.3d 1010 (9th Cir. 2017)...............................................................................9, 12, 13

*Scott v. Harris*

550 U.S. 372 (2007),.......................................................................................................8

*Shafer v County of Santa Barbara*

868 F.3d 1110 (9th Cir. 2018)..............................................................................11, 12, 13

*Struk v. Bush*

No. 10 CV 0348 MMA POR, 2011 WL 5827196 (S.D. Cal. Nov. 18, 2011) ...........................7

*Tennessee v. Garner*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02185963.DOCX}                                    vi

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

471 U.S. 1 (1985) ...........................................................................................8, 13

*Terry v. Ohio*

392 U.S. 1 (1968) ...............................................................................................4

*Torres v. City of Los Angeles*

548 F.3 1197 (9th Cir. 2008). ...........................................................................11

*Tsao v. Desert Palace, Inc.*

698 F.3d 1128 (9th Cir. 2012)..............................................................................7

*Ulrich v. City & County of San Francisco*

308 F.3d 968 (9th Cir. 2002)..............................................................................14

*United States v. Arvizu,*

534 U.S. 266 (2001) ............................................................................................4

*United States v. Brignoni-Ponce*

422 U.S. 873 (1975) ............................................................................................5

*United States v. Cortez*

449 U.S. 411 (1981) ........................................................................................4, 5

*United States. v. Fernandez-Castillo*

324 F.3d 1114 (9th Cir. 2003)..............................................................................4

*United States v. Gonzales*

749 F.2d 1329 (9th Cir. 1984)..............................................................................7

*United States v. Struckman*

603 F.3d 731 (9th Cir. 2010)................................................................................7

*United States v. Tiong*

*224 F.3d 1136 (9th Cir. 2000)* ...........................................................................4

*Virginia v. Moore*

553 U.S. 164 (2008) ............................................................................................7

*White v. Pauly*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02185963.DOCX}                                       vii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

137 S.Ct. 548  (2017) ...............................................................................11, 12, 13

*Wilkinson v. Torres*

610 F.3d 546 (9th Cir. 2010)8 ...............................................................................8

**Statutes**

Civil  Code § 52.1(b)................................................................................................17

Government Code § 815.2 .........................................................................................3

Penal Code § 148(a)(1) ............................................................................................3

Vehicle Code § 14601.1 ............................................................................................3

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02185963.DOCX}                                    viii

I.

INTRODUCTION

This action arises from traffic stop of Plaintiff ROBERT STRONG (hereinafter "Plaintiff" or "Mr. Strong") by Vallejo Police Department Officer JARRETT TONN (hereinafter "Officer Tonn").    The interaction was partially captured on video. Initially, Officer Tonn had probable cause to detain Plaintiff for having expired vehicle registration. Officer Tonn attempted to de-escalate Plaintiff's aggressive behavior by informing Plaintiff why he had been pulled over. Plaintiff later obstructed Officer Tonn's investigation when he refused to follow Officer Tonn's commands and is shown in the video acting aggressive and uncooperative towards the officer. When Plaintiff refused to cooperate, Officer Tonn became concerned for his safety and decided to detain Plaintiff. Officer Tonn made this decision based on the high crime area of the traffic stop, Plaintiff's aggressive attitude, and Plaintiff's refusal to listen and obey commands. Officer Tonn used reasonable force to pull Plaintiff from the vehicle to maintain control of the situation.  Plaintiff was placed in a control hold after he attempted to pull away from the officer by leaning into the center console of his vehicle. Officer Tonn used a minimal level of force available under the circumstances to secure Plaintiff outside of the vehicle and ensure that he stop resisting.

Defendants respectfully submits that the undisputed evidence establishes that Plaintiff's claims fail as a matter of law, and requests that their motion for summary judgment be granted.

II.

STATEMENT OF FACTS

On the afternoon of April, 19th 2017, Officer Tonn was on patrol in uniform and in a marked vehicle near Lassen Street and Glenwood Street, in the City of Vallejo. (UMF No. 1). Officer Tonn considered this to be a high crime area based on previous incidents in the area involving stolen cars and guns. (UMF No. 2). As Officer Tonn drove northbound on Lassen Street, he observed Plaintiff sitting in the driver's seat of a vehicle parked on Glenwood Street. (UMF No. 3). Officer Tonn ran the vehicle's registration which came back expired. (UMF No. 4). Officer Tonn activated the vehicle's emergency lights, and pulled in front of the vehicle to conduct a traffic stop for the expired registration. (UMF No.

{02185963.DOCX}

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  5).

2      Officer Tonn made contact with Plaintiff, who was seated in the driver's seat of the vehicle with

3  the car turned on and running (UMF No. 6). Officer Tonn informed Plaintiff that his registration was

4  expired. (UMF No. 7). Plaintiff did not believe that his registration had expired. (UMF No. 8). Plaintiff

5  held an IPhone in his right hand. (UMF No. 9).  Officer Tonn perceived Plaintiff as angry for being

6  questioned about the registration, and concerned that Plaintiff was attempting to call others to come to his

7  location, Officer Tonn ordered Plaintiff to put his phone down, stating, "You don't get to make a call. Put

8  your phone down." (UMF No. 10). Plaintiff refused to put the phone down and instead leaned into the

9  center of his vehicle and began to record the officer on his phone. (UMF No. 11).

10      Fearing for his safety, Officer Tonn determined to detain Plaintiff. (UMF No. 12). Officer Tonn

11  first attempted to place Plaintiff in a wrist hold by grabbing his left wrist, but Plaintiff twisted his body

12  and pulled away. (UMF No. 13). Unable to grab the phone, Officer Tonn then grabbed Plaintiff by his left

13  arm and hair and pulled him out of the vehicle. (UMF No.14). Once outside the vehicle, Officer Tonn

14  placed his arm around Plaintiff's neck and brought him to the ground in a control hold. (UMF No. 15).

15  Officer Tonn called for backup and repeatedly told Plaintiff to place his hands behind his back/head.

16  (UMF No. 16). Despite Officer Tonn's commands to drop the phone, Plaintiff continued to hold his phone

17  in his right hand. (UMF No. 17). Officer Tonn eventually knocked the phone out of Plaintiff's hand and

18  gained control of his right arm. (UMF No. 18). After the phone was knocked away, Officer Tonn

19  repeatedly told Plaintiff to place his right hand behind his back. (UMF No. 19). Officer Tonn was able to

20  detain Plaintiff by placing both of his wrists in handcuffs. (UMF No. 20). In total Plaintiff was placed in

21  the control hold for approximately a minute to a minute and half. (UMF No. 21). Officer Tonn used his

22  well-reasoned discretion in the amount of force used, which was consistent with the Vallejo Police

23  Department Use of Force Section 300.3. (UMF No. 22).

24      It was determined that Plaintiff's license was suspended, so Plaintiff's vehicle was towed. (UMF

25  No. 23).

26      At the Vallejo Police Department, Officer Tonn read Plaintiff his Miranda rights, and Plaintiff

27

28  {02185963.DOCX}                         2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

indicated that he understood his rights (UMF No. 24). Plaintiff remained agitated and yelled at Officer Tonn while the two spoke in the holding cell. (UMF No. 25). Officer Tonn explained to Plaintiff the reason that he was stopped was because his registration was expired, his car was not from the neighborhood, and Plaintiff acted "super hostile. Didn't want to listen, yelled, and argued." (UMF No. 26). Plaintiff admitted that he believed cops sometimes harassed people (UMF No. 27). Officer Tonn stated that he doesn't want to be one of those officers that "ends up on YouTube, or fights someone, or does anything he doesn't have to." (UMF No. 28). Officer Tonn went on to say, "At the same time, I've met nice people that have guns in their car. All sorts of stuff and I can't risk it. You wouldn't listen so I had to cite." (UMF No. 29). Officer Tonn explained the reason police officers don't let people make calls during a stop is because they could make a call and, "next thing you know, we got twenty people showing up surrounding the cops." (UMF No. 30). Plaintiff admitted having anger problems, and admitted going to anger classes in the past. (UMF No. 31). Plaintiff also admitted having listening problems, and stated his girlfriend tells him about his listening problems every day. (UMF No. 32). Ultimately, Plaintiff was cited out from the Vallejo Police Department for violation of Vehicle Code Section 14601.1 and Penal Code Section 148(a) (1) (UMF No. 33).

## III.

## CLAIMS OF COMPLAINT

In the Complaint, Plaintiff claims that Officer Tonn violated his fourth amendment rights protecting excessive force and false arrest by (1) grabbing him by his hair, (2) hitting his head against the steering wheel, (3) placing him in a chokehold and (4) throwing him onto the ground. Additionally, Plaintiff's Complaint alleges five state law claims for relief against the Defendants: (3) Negligence; (4) Battery; (5) Intentional Infliction of Emotional Distress; (6) False Imprisonment; (7) Bane Act Violation pursuant to Cal. Gov. Code Section 815.2.

As against the City, Plaintiff claims that City of Vallejo displayed a deliberate indifference towards the constitutional rights of Plaintiff by failing to adequately train officers regarding the handling of people for minor traffic offenses so as to not cause the individuals to suffer harm, and allegedly allowing a long

1  standing custom and practice of not carefully handling individuals once they are in police custody.

2  Additionally, Plaintiff's Complaint alleges the above listed state law claims for relief against the City.

3  IV.

4  **PLAINTIFF CANNOT ESTABLISH HIS CLAIM FOR VIOLATION OF THE FOURTH**

5  **AMENDMENT/FALSE ARREST**

6  In both his federal and state claims (negligence, false imprisonment,[2] intentional infliction of

7  emotional distress), Plaintiff asserts the detention/arrest arising from the traffic stop violates the Fourth

8  Amendment, which are analyzed in the same manner.  Defendants submit Plaintiff cannot establish such

9  claims.

10  A.  **Plaintiff was detained for officer safety purposes**

11  Officers may briefly stop and detain people or a car if there is reasonable suspicion of criminal

12  activity. *United States v. Arvizu,* 534 U.S. 266, 273 (2001); *Terry v. Ohio,* 392 U.S. 1 (1968). Reasonable

13  suspicion means "[s]pecific and articulated facts, together with rational inferences from those facts, that

14  reasonably suggest criminal activity. *Id.* In evaluating the reasonableness of the stop there is a review of

15  the "totality of the circumstances" of the reasons for the stop. *Arvizu,* 534 U.S. at 273 (citing *United States*

16  *v. Cortez,* 449 U.S. 411,417-418 (1981)). The same holding explains that "the likelihood of criminal

17  activity need not rise to the level of probable cause, and it falls considerably short of satisfying a

18  preponderance of the evidence standard." *Id.*

19  Reasonable suspicion is based upon "the totality of the circumstances." (*Arvizu,* 534 U.S. at

20  273.) Further, the facts which establish reasonable suspicion need not be inconsistent with

21  innocence. *United States v. Tiong,* 224 F.3d 1136 (*9th Cir. 2000*); *see also United States. v. Fernandez-*

22  *Castillo,* 324 F.3d 1114, 1117 (9th Cir. 2003) ("All relevant factors must be considered in the reasonable

23  suspicion calculus-even those factors that, in a different context, might be entirely innocuous.") Finally,

24  _____

25  [2] "Under California law, 'false arrest is not a different tort" but "is merely one way of committing
a false imprisonment.'" *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001)

26  (*citing Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir.1998); *Asgari v. City of Los Angeles*,
15 Cal.4th 744, 752 n. 3. (1997)

27

| {02185963.DOCX} | 4 | |

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

"the characteristics of the area" from the perspective of an experienced law enforcement officer are legitimate factors of consideration in a reasonable suspicion analysis. *See United States v. Brignoni-Ponce*, 422 U.S. 873 at 884-85 (1975), *United States v. Cortez*, 449 U.S. 411,418 (1981).

In *People v. Vibanco*, the court held, "[a]n officer making a traffic stop may immediately take the reasonable steps he or she deems necessary to secure the officer's safety, including ordering a passenger to remain in or to get out of the vehicle without violating the Fourth Amendment." *People v. Vibanco*, 151 Cal. App. 4th 1, 11 (2007) *citing to People v. Castellon*, 76, Cal. App. 4th 1369, 1376 (1999).

Officer Tonn initially stopped Plaintiff's vehicle due to the fact that he had a reasonable suspicion that Plaintiff's vehicle registration was expired (UMF No.4). After the initial stop, Officer Tonn's decision to briefly detain Plaintiff for interfering with his investigation was objectively reasonable when looking at the totality of the circumstances of the stop. The stop occurred in a high crime area, where Officer Tonn had personally conducted prior arrests involving stolen guns and cars (UMF No. 2). Plaintiff was immediately hostile, agitated, and uncooperative with Officer Tonn (UMF No. 10). Plaintiff refused to follow simple orders to put his phone down (UMF No. 10, 11). Plaintiff continued to use his phone and pulled away from Officer Tonn when he attempted to grab the phone (UMF No. 12, 13). Plaintiff resisted and struggled with the officer when Officer Tonn attempted to detain Plaintiff in handcuffs (UMF No. 13). Officer Tonn had to call for radio assistance during the struggle (UMF No. 16). Eventually Officer Tonn was able to detain plaintiff in handcuffs by using a control hold that lasted approximately a minute to a minute and thirty seconds. (UMF 21).

It is plain from the undisputed material facts that Officer Tonn reasonably, and in good faith, believed that Plaintiff posed a risk to his safety when Plaintiff resisted and interfered with his investigation of the traffic stop. Officer Tonn had a reasonable suspicion that Plaintiff was violated the vehicle code by having expired registration. The expired registration coupled with the high crime area of the stop, Plaintiff's hostile attitude, and Plaintiff's refusal to follow orders led Officer Tonn to take the immediate steps necessary to detain Plaintiff in order to secure his safety.

**B. Probable Cause existed for the Arrest**

"A claim for unlawful arrest is cognizable under Section 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (alteration in original) (*quoting Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)). "To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar." *District of Columbia v. Wesby*, 138 S.Ct. 577, 586 (2018) (internal quotations and citations omitted).

In *Devenpeck v. Alford*, the Supreme Court reiterated the Fourth Amendment standards applicable in a Section 1983 claim for false arrest:

> The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.
>
> Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. As we have repeatedly explained, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." . . . "[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in

certain circumstances, whatever the subjective intent."

*Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004) (citations omitted) (emphasis in original); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012). "There is probable cause for a warrantless arrest and a search incident to that arrest if, under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime." *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010) (quoting *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984)). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). A warrantless arrest for a crime committed in the presence of an arresting officer is permitted, even if the offense, as a matter of state law, was one for which the officers should have issued a summons rather than made an arrest. *Moore*, 553 U.S. at 167-72.

This claim for relief is premised on the argument that Plaintiff was falsely arrested without probable cause. Probable cause is an absolute bar to the maintenance of claims based on an alleged false arrest. *See e.g., Barry v. Fowler*, 902 F.2d 770, 772-773 (9th Cir. 1990).[3] When determinative facts are

---

[3] State law is the same.  With respect to a negligence action based on an arrest, district courts within the Ninth Circuit have repeatedly held that "[a] finding of probable cause negates a claim for negligence premised on the underlying arrest." *See Struk v. Bush*, No. 10 CV 0348 MMA POR, 2011 WL 5827196, at *10 (Not reported) (S.D. Cal. Nov. 18, 2011) ("to the extent Plaintiff bases his negligence claim on his arrest, the claim cannot survive summary judgment because Defendant had probable cause to arrest him."); *Harvey v. City of Fresno*, No. 108CV01399OWWDLB, 2010 WL 892114, at *15 (Not reported) (E.D. Cal. Mar. 9, 2010) ("The [. . .] arrest, which provides the basis for his claim, was supported by probable cause, negating his claim. To the extent that Plaintiff makes a negligence claim [. . .] for the circumstances surrounding his [. . .] arrest, it [is] also dismissed."); *Bulfer v. Dobbins*, (S.D. Cal., Feb. 7, 2011, No. 09-CV-1250 JLS POR) 2011 WL 530039, at *13 (internal citation omitted) (Not reported) ("If probable cause supported an arrest, a negligence claim based on that arrest fails as a matter of law."); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1148 (9th Cir. 2012) ("Because we conclude that [the officer] did have probable cause to arrest [the plaintiff], we affirm the grant of summary judgment to [the arresting officer] on [numerous tort claims]."; *See Salazar v. Upland Police Dep't*, 116 Cal. App. 4th 934, 947-48 (2004) (Summary judgment is also appropriate as to [the . . .] cause of action for negligence since a finding of the absence of probable cause to stop and arrest plaintiff is a prerequisite to [. . . the] claim[.]").

{02185963.DOCX}

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

not in dispute, probable cause is a question of law. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *see also Crescent City v. Butcher's Union*, 120 U.S. 141, 149 (1887) ("when there is no dispute of fact, the question of probable cause is a question of law, for the determination of the court."

The vehicle registration check revealed that Plaintiff's registration had expired on April 2nd, 2017. Plaintiff admits his vehicle registration was expired on April 17th, 2017, admits driving his vehicle on the subject date, and admits that that his driver's license was suspended (UMF Nos. 4, 23).  Thus, the facts known to Officer Tonn at the time of the stop gave him probable cause to arrest Plaintiff (UMF Nos. 4, 23).  As the court stated in *District of Columbia v. Wesby*, probable cause is a fluid concept and courts, "examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *District of Columbia v. Wesby*, 138 S.Ct. 577, 586 (2018). Thus, the undisputed material facts establish that Plaintiff cannot prevail on the false arrest claim under both federal and state law because probable cause existed for the arrest.

V.

**PLAINTIFF CANNOT ESTABLISH HIS CLAIM FOR EXCESSIVE FORCE BECAUSE THE UNDISPUTED FACTS ESTABLISH THE FORCE USED WAS OBJECTIVELY REASONABLE IN LIGHT OF THE FACTS AND CIRCUMSTANCES**

Plaintiff also asserts the manner of detention/arrest was unlawful under federal and state law, which are analyzed the same.[4] In general, claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment as applied in *Scott v. Harris*, 550 U.S. 372 (2007), *Graham v. Conner*, 490 U.S. 386, 397 (1989), and *Tennessee v. Garner*, 471 U.S. 1 (1985).  Whether the use of force is reasonable is highly fact-specific. *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010) *quoting Garner*, 471 U.S. at 11.

In assessing reasonableness, the court should give "careful attention to the facts and circumstances

---

[4]  When a battery claim is brought against a police officer, plaintiff must show that the defendant officer used excessive force in effecting the arrest. *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1273 (1989).

{02185963.DOCX}                                                    8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat of safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.  The Ninth Circuit has repeatedly emphasized that the most important factor is "whether the suspect posed an immediate threat of safety to the officers or others." *See e.g. S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017) (internal quotation marks omitted).  If deadly force is used, the officer must have "probable cause to believe that the suspect poses a significant threat of death or serious physical injury." *Garner*, 471 U.S. at 3.  If a person is armed or reasonably suspected of being armed, a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat." *George v. Morris*, 724 F.3d 1191, 1200 (9th Cir. 2013) (internal citations omitted.)

Officer Tonn submits Plaintiff cannot prevail as a matter of law.  Under the Fourth Amendment, police may use only such force that is objectively reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). "The essence of the Graham objective reasonableness analysis is that the force which was applied must be balanced against the need for that force: it is the need for force which is at the heart of the Graham factors." *Headwaters Forest Def. v. Cnty. of Humboldt (Headwaters II)*, 276 F.3d 1125, 1130 (9th Cir. 2002). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.  "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

A reasonable officer in Officer Tonn's position would believe that the need to use force to detain and arrest Plaintiff was done in a good faith effort to complete his investigation. Plaintiff has failed to show any evidence that the force used by the Officer Tonn in the detainment and arrest was anything other than reasonable under the circumstances.

"Not every push or shove, even if it may seem unnecessary in the peace of the judge's chambers, violates the Fourth Amendment." *Graham, supra*, 490 U.S. at 388.

{02185963.DOCX}

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

At first, Officer Tonn tried to tell Plaintiff why he was stopped by talking with Plaintiff outside his vehicle (UMF No. 7). Officer Tonn explained to Plaintiff that his registration had expired on April 2nd, 2017 (UMF No. 7). Plaintiff appeared angry, agitated, and would not listen to Officer Tonn's explanation for the stop. (UMF No. 10). Plaintiff held an iPhone in his hand, and was ordered by clear instructions to put the phone down for officer safety concerns. (UMF Nos. 10, 30). Plaintiff remained agitated and refused to listen to Officers Tonn's simple commands to put the phone down (UMF No. 11). Officer Tonn was not going as far as to order Plaintiff out of the vehicle, but simply asked Plaintiff to put the phone down to ensure that no calls could be made that could potentially endanger his safety. (UMF No. 10). Fearing for his safety, Officer Tonn realized conversations with Plaintiff were going nowhere, and that's what led to his decision to pull Plaintiff from the vehicle and detain him (UMF No. 12).

Officer Tonn attempted to grab the IPhone out of Plaintiff's right hand, but Plaintiff made a furtive movement toward the center console of his vehicle (UMF No. 13). Officer Tonn then grabbed Plaintiff's left hand to initiate a wrist control hold but Plaintiff pulled away from the officer (UMF Nos. 13, 14). Officer Tonn then grabbed Plaintiff by the left arm and hair and removed him from the vehicle (UMF No. 14). Plaintiff resisted, so Officer Tonn placed his arm around Plaintiff's neck and brought him to the ground in order to gain control (UMF No. 15). While on the ground, despite repeated orders to drop the IPhone, Plaintiff continued to hold onto the phone with his right arm until Officer Tonn was able to knock the phone out of Plaintiff's hand (UMF Nos. 17, 18). Officer Tonn told Plaintiff to put his hands behind his back/head and radioed for backup to respond to the area (UMF No. 16). Eventually, Officer Tonn was able to detain Plaintiff by placing of both his wrist in handcuffs behind his back (UMF No. 20). At no point during the entire struggle, which lasted a little over a minute, did Officer Tonn, or any other officer on scene, threaten Plaintiff or use any weapons to detain Plaintiff. The amount of force used was no greater than necessary to effectuate the arrest. Thus, the undisputed material facts establish that Plaintiff cannot prevail on the excessive force claim under federal and state law because Officer Tonn used a reasonable amount of force.

## VI.

## OFFICER TONN IS ENTITLED TO QUALIFIED IMMUNITY REGARDING PLAINTIFF'S CLAIMS OF EXCESSIVE FORCE AND FALSE ARREST

Alternatively, Officer Tonn submits that even looking at the facts most favorable to Plaintiff, he is entitled to qualified immunity with respect to all federal claims. The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether an officer is entitled to qualified immunity, the Court considers: (1) whether there has been a violation of a constitution right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct. *C.V. by and through Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016). The Supreme Court has pointed out that courts may determine which prong of qualified immunity should be analyzed first. *Pearson v. Callahan*, 555 U.S. 223, 236-237, 129 S. Ct. 808, 818-19 (2009). Addressing the second prong before the first is especially appropriate where the court will rather quickly and easily decide there is no violation of clearly established law. Id., at 239.

Qualified immunity is a question of law to be decided by the court. *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 357 (1991); *Torres v. City of Los Angeles*, 548 F.3 1197, 1210 (9th Cir. 2008). The plaintiff bears the burden of showing that the rights allegedly violated were clearly established. *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017).

Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018), *citing to White v. Pauly*, 137 S.Ct. 548, 551 (2017). Because the focus is on whether the officer had fair notice that his/her conduct was unlawful, reasonableness is judged from the backdrop of the law at the time of the conduct. *Kisela*, 138 S.Ct. at 1152.

The Court's case law does not require a case directly on point for a right to be clearly established; however, existing precedent must have placed the statutory or constitutional question beyond debate.

{02185963.DOCX}                                            11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*Kisela*, 138 S.Ct. at 1152. (*See also S.B. v. County of San Diego*, 864 F.3d 1010, 1015, stating that precedent must put the defendant on clear notice that using deadly force in the particular circumstances would be excessive.)  In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.  *Kisela*, 138 S.Ct. at 1152. The Supreme Court has repeatedly told courts, and the Ninth Circuit in particular, not to define "clearly established" at a high level of generality.  *Id.*, *citing City and County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1775-1776 (2015).  Clearly established law must be "particularized" to the facts of the case.  *White v. Pauly*, 137 S. Ct. 548, 552 (2017), *citing to Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034 (1987). *See also City of Escondido v. Emmons*, 139 S.Ct. 500, 503 (2019), stating that under Supreme Court precedent, the clearly established right must be defined with specificity.

Specificity is especially important in the Fourth Amendment context, where the court has recognized that it is difficult for an officer to determine how the law on excessive force will apply to the factual situation the officer confronts.  *City of Escondido*, 139 S.Ct. at 503, *citing to Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018); *District of Columbia v. Wasby*, 135 S.Ct. 577, 593 (2018); *White v. Pauly*, 137 S.Ct. 548, 551 (2017) and *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).  An officer is entitled to qualified immunity unless existing precedent "squarely governs" the specific facts at issue.  *Kisela*, 138 S.Ct. 1153, *citing to Mullenix v. Luna*, 136 S.Ct. 305, 309 (2015).

In *Shafer*, 868 F.3d at 1117, the Ninth Circuit acknowledged that the clearly established law must have been "developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendants place." "[T]he clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (*citing Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The Supreme Court, in *District of Columbia v. Wesby*, (2018) 138 S.Ct. 577 recently reemphasized the need for a plaintiff arguing against qualified immunity to identify "a controlling case or robust consensus of cases" finding a Fourth Amendment violation under similar circumstances unless it is a "rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear[.]" *District of Columbia v. Wesby*, (2018) 138 S.Ct. 577, 590-91 (*citing Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

1    (*per curiam*) and *White*, 137 S. Ct. (providing that officers were entitled to qualified immunity).

2    Plaintiff cannot meet his burden to show that Officer Tonn violated a clearly established law

3    merely by citing to general legal principles for excessive force and false arrest. The doctrine of qualified

4    immunity requires Plaintiff to identify a factually similar U.S. Supreme Court or Ninth Circuit case that

5    clearly established, at the time of the subject incident, that Officer Tonn's conduct was unconstitutional.

6    The general rules set forth in *Tennessee v. Gardner*, 471 U.S. 1 (1985) and *Graham v. Connor*, 490 U.S.

7    386 (1989), do not by themselves create clearly established law outside of the obvious case. *See Kisela*

8    *v. Hughes*, 138 S.Ct. 1148, 1153 (2018). An officer cannot be said to have violated a clearly established

9    right unless the right's contours were sufficiently definite that any reasonable official in defendant's shoes

10   would have understood that he or she was violating it. *Id.*, citing *Plumhoff v. Rickard*, 134 S.Ct. 2012,

11   2023 (2014). The Ninth Circuit has expressly acknowledged the direction by the Supreme Court. *See*

12   *S.B. v. County of San Diego*, 864 F.3d 1010, 1015-1016 (9th Cir. 2017). ("We hear the Supreme Court

13   loud and clear. Before a court can impose liability on [defendant], we must identify precedent as of [the

14   date of the incident] that put [defendant] on clear notice that using deadly force in these particular

15   circumstances would be excessive") and *Shafer v County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir.

16   2018). ("We are mindful of the Supreme Court's pronouncement in *White v. Pauly* that to satisfy this step

17   into qualified immunity analysis, we generally must 'identify a case where an officer acting under similar

18   circumstances as [defendant] was held to have violated the Fourth Amendment.'")

19   The undisputed material facts demonstrate that Defendant Tonns's conduct did not violate any

20   clearly established right. There is no authority that states law enforcement may not detain a driver in

21   furtherance of investigation the traffic stop for purposes of officer safety in a high crime area, when the

22   driver appeared to be attempting to making a phone call for others to arrive at his location. Moreover,

23   there is no caselaw under similar circumstances that states the brief use of force to gain control of the

24   plaintiff is per se unreasonable. Accordingly, qualified immunity should be granted.

25

26

27

28

| {02185963.DOCX} | 13 | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

VII.

**PLAINTIFF CANNOT ESTABLISH A MONELL CLAIM AGAINST THE CITY**

A municipality may only be liable where it causes a constitutional violation via "execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent them." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 659 (1978); *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002). To survive summary judgment, a plaintiff must present evidence of either: "(1) a longstanding practice or custom which constitutes the standard operating procedure of a local government entity; (2) the decision of a policy making official who was, as a matter of state law, a final policy making authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) when an official with final policy making authority either delegated that authority to, or ratified the decision of, a subordinate." *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

To succeed on a failure to train claim, plaintiff must prove: (1) the City's training program was not adequate to train its officers to properly handle the usual and recurring situations with which they must deal; (2) the City was deliberately indifferent to the need to train its officers adequately; and (3) the failure to provide proper training was the cause of the deprivation of the claimant's rights protected by the Constitution or laws of the United States. *Canton v. Harris*, 489 U.S. 378, 388-391 (1989). Actual or constructive knowledge of a risk of harm, coupled with a failure to act to prevent the harm, can constitute deliberate indifference. *Id.* Similarly, a failure to supervise that is "sufficiently inadequate" may amount to deliberate indifference. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989). Mere negligence in training or supervision, however, does not give rise to liability. *Id.*

Generally, a plaintiff must allege facts identifying a "pattern of Constitutional violations" and thus deliberate indifference, to establish municipal liability for inadequate training or supervision. *Board of County Commissioners of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 407-408 (1997); *City of Canton v. Harris*, 49 U.S. 378, 388 (1989). A pattern of similar unconstitutional violations by untrained employees is necessary to demonstrate deliberate indifference for purposes of failure to train. *Connick v.*

{02185963.DOCX}

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  *Thompson*, 563 U.S. 51, 62 (2011).  Generally, a plaintiff cannot rely on a single incident, i.e., his own

2  incident, to state a claim based upon a failure to supervise or train.  *Id.*

3        For inadequate training, section 1983 liability attaches only where the failure to train amounts to

4  deliberate indifference to the rights of person with whom the police come into contact where that failure

5  can "justifiably be called municipal policy." *City of Canton*, 49 U.S. at 388, 389-90.  Plaintiff must show

6  that the alleged Constitutional injury could have been avoided had the County properly trained those

7  officers. *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

8        Evidence of a failure to train a single officer is insufficient to establish a municipality's deliberate

9  policy because it does not show that the municipality made a deliberate or conscious choice.  *Id.* at 484 -

10  85.

11        Here, Plaintiff cannot evince any evidence of an unconstitutional policy, much less a pattern or

12  practice that is unconstitutional.  In addition, Vallejo Police department has policies and procedures

13  regarding the use of force, which specifically authorize officers to use their well-reasoned discretion when

14  determining the amount of force to use, based on what a reasonable officer would do under the

15  circumstances (UMF No. 22).  Lastly, Plaintiff based the entirety of the claim on a single incident, and

16  provided no facts to support the existence of a pattern of deliberate indifference to his constitutional rights,

17  much less causation.  Accordingly, the City is entitled to summary judgment.

18  VIII.

19  **PLAINTIFF CANNOT ESTABLISH THE ELEMENTS NEEDED FOR A STATE LAW**

20  **CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

21        Plaintiff also assert an intentional infliction of emotional distress claim.   Plaintiff must prove (1)

22  extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of

23  the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional

24  distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous

25  conduct[. . . .]  A defendant's conduct is "outrageous" when it is so [. . .] extreme as to exceed all bounds

26  of that usually tolerated in a civilized community[. . . .]  And the defendant's conduct must be [. . .] intended

27

28

| {02185963.DOCX} | 15 | |
|---|---|---|

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    to inflict injury or engaged in with the realization that injury will result[.] *Hughes v. Pair*, 46 Cal.4th

2    1035, 1050-51 (2009) (*quoting Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993) *see*

3    *Christensen v. Superior Court*, 54 Cal.3d 868 (1991).

4        It has been held that where the underlying act by a police officer was deemed lawful, a related

5    IIED claim would fail as a matter of law. *See Green v. City & Cty. of San Francisco*, 751 F.3d 1039, 1053

6    (9th Cir. 2014) (reversing a grant of summary judgment on an IIED claim based on an unlawful detention

7    by a police officer but indicating that the claim could be resolved as a matter of law if the underlying

8    conduct at issue was found to be lawful); *Luong v. City & Cty. of San Francisco*, No. C11-5661 MEJ,

9    2012 WL 5869561, at *8 (N.D. Cal. Nov. 19, 2012) (Not reported), *aff'd sub nom. Luong v. City & Cty.*

10    *of San Francisco Police Dep't*, 630 F. App'x 691 (9th Cir. 2015) (Not reported) ("[B]ecause summary

11    judgment was granted on Rocky's excessive force claim and Plaintiffs' unlawful arrest claim, the

12    corresponding state law claims also fail as a matter of law."). In the present case, Plaintiff's

13    detention/arrest and imprisonment was lawful. An arrest based on probable cause plainly does not

14    constitute outrageous conduct as a matter of law. Therefore, the underlying IIED claim must fail.

15        Even if it were found that Defendant's arrest and imprisonment of Plaintiff was unlawful, plaintiff

16    has provided no evidence sufficient to establish that (1) the officers' conduct was outrageous; or (2) the

17    officers intended to cause plaintiff emotional distress. A defendant's conduct is outrageous when it is so

18    extreme as to exceed all bounds of that usually tolerated in a civilized community. *See Hughes v. Pair*,

19    46 Cal.4th 1035, 1050-51 (2009). The record in this case falls woefully short of this requirement. Plaintiff

20    was arrested based on his interference with Officer Tonn's investigation of the traffic stop, as well as his

21    suspended license (UMF Nos. 11-20, 23). Plaintiff was advised of the basis for his detention/arrest, and

22    was subsequently cited for misdemeanor resisting and the suspended license (UMF No. 33). The facts of

23    this case do not reveal any wrongful conduct by Defendants, much less outrageous conduct.

24        Furthermore, Plaintiff has no evidence to show that Defendant TONN acted with the intention of

25    causing, or reckless disregarding the probability of causing, emotional distress. Plaintiff's arrest was the

26    result of Plaintiff resisting and obstructing the officer's investigation. Furthermore, Defendants' conduct

27

28

---

{02185963.DOCX} | 16 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

1  was in conformance with proper and constitutionally viable City policy regarding arrest procedure.  No

2  intentional or reckless conduct has been shown in this case.

3  XI.

4  **PLAINTIFF CANNOT ESTABLISH A BANE ACT VIOLATION**

5  Plaintiffs' seventh claim for relief alleges Officer Tonn violated the Bane Act and that the City of

6  Vallejo is vicariously liable for his conduct. California Civil Code Section 52.1(a), known as the Bane

7  Act, provides:

8  "If a person or persons, whether or not acting under color of law, interferes by threat, intimidation,

9  or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by

10  any individual or individuals of rights secured by the Constitution or laws of the United States, or of the

11  rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or

12  city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of

13  the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right

14  or rights secured."

15  Section 52.1(b) provides:

16  "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the

17  United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or

18  attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her

19  own name and on his or her own behalf a civil action for damages…"

20  "Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with

21  a separate, affirmative right enjoyed by a plaintiff; it does not apply to a plaintiff's allegation of use of

22  excessive force absent a showing that the act was done to interfere with a separate state or federal

23  constitutional right*." Lanier v. City of Fresno*, 2011 U.S. Dist. LEXIS 4631 (E.D. Cal. 2011). In *Cornell*

24  *v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-802 (2017), the Court held that the

25  egregiousness required by Section 52.1 is tested by whether the circumstances indicate the officer had a

26  specific intent to violate the arrestee's right to freedom from unreasonable seizure. Id. Claims for damages

27

28

{02185963.DOCX}                                   17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

1   under Section 52.1 are dependent largely upon the ability to prove claims under the Fourth Amendment.

2   *Craft v. County of San Bernardino*, 468 F.Supp.2d 1172, 1180 (C.D. Cal. 2006).

3       Recently, in *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) the Court stated:

4       "*Cornell* also makes clear, however, that the Bane Act imposes an additional requirement beyond

5   a finding of a constitutional violation. *Cornell* explained that '[p]roperly read, the statutory phrase 'threat,

6   intimidation or coercion' serves as an aggravator justifying the conclusion that the underlying violation of

7   rights is sufficiently egregious to warrant enhanced statutory remedies, beyond tort relief.' Id. at 383.

8   Accordingly, Cornell held that 'the egregiousness required by Section 52.1 is tested by whether the

9   circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom

10  from unreasonable seizure.' *Id*. at 384." (Emphasis Added).

11      As discussed above, Officer Tonn's use of force in the instant case was objectively reasonable

12  under the totality of the circumstances and did not violate Plaintiff's rights. There is no evidence that

13  Officer Tonn acted with a specific intent to violate Plaintiff's rights. Officer Tonn removed Plaintiff from

14  the vehicle because Plaintiff was hostile, potentially dangerous to the officer, and refused to cooperate

15  with simple law enforcement orders (UMF Nos. 10 – 15). Officer Tonn's only goal was to detain Plaintiff

16  due to the officer safety concerns following the traffic stop (UMF No. 12).  In addition, there is no evidence

17  Officer Tonn acted with the specific intent to interfere with Plaintiff's rights, which are not clearly

18  established. Thus, Plaintiffs cannot sustain a Bane Act Claim and summary judgment should be granted.

19

20                      **XIII.**

21                **CONCLUSION**

22      The Undisputed Material Facts in this case demonstrate that Defendants are entitled to summary

23  judgment or, in the alternative, to summary adjudication as a matter of law on all claims.  Defendants'

24  actions related to the arrest and imprisonment and prosecution of Plaintiff were proper and conducted with

25  probable cause. Based on the foregoing, Defendants respectfully requests that the Court grant their Motion

26  for Summary Judgment.

27

28

{02185963.DOCX}  |  18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

Dated:  March 31, 2020

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION


By /s/ John R. Whitefleet
    John R. Whitefleet
    Attorney for Defendants CITY OF VALLEJO,
    ANDREW BIDOU, JARRETT TONN

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT