RANDY J. RISNER
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel:  (707) 648-4545
Fax:  (707) 648-4687

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT

| | |
|---|---|
| ROBERT STRONG, | Case No.: 2:18-CV-01246-WBS-AC |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS** |
| vs. | |
| CITY OF VALLEJO, JARRETT TONN; ANDREW BIDOU, and DOE VALLEJO POLICE OFFICER, | Date: June 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor |
| Defendants, | |

Defendants CITY OF VALLEJO and JARRETT TONN, hereby responds to Plaintiff's Separate Statement of Undisputed Material Facts:

{02210952.DOCX}                                            1

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Defendant Tonn Placed the Plaintiff in a carotid hold.<br><br>**Evidence:**<br>Defendant's Response to Plaintiff's request for Admissions. Pg. 4 lines 5-12.<br>Exhibit "4" Body CamVideo Footage 00:00-01:11.<br>Exhibit "2" Plaintiff's Cell Phone Cam Video Footage 00:00-01:24<br>Exhibit "3" Stanley Goff Declaration | Disputed as argumentative, incomplete and misstates the evidence. As expressly stated Officer Tonn denies actually applying pressure to Plaintiff's neck, and thus was an incomplete or imperfect carotid hold.<br><br>**Officer Tonn Testimony:** He placed his arm around Plaintiff's neck to gain control, but a completed carotid hold requires the application of pressure to the individual's neck/carotid arteries, which did not occur in this incident. Officer Tonn did not actually apply the pressure to the carotid arties of Plaintiff necessary that would cause an individual to lose consciousness within seconds.<br><br>**Don Cameron Testimony:** Don Cameron testified that Officer Tonn did not use a carotid hold. This was supported by the fact that Plaintiff never lost consciousness, and Plaintiff was able to talk and yell clearly during the entire struggle. He further testified that a carotid hold applied with pressure would leave someone unconscious within 3-8 seconds. Don Cameron testified that the hold that Tonn placed Plaintiff in was a control hold.<br><br>**Roger Clark Testimony:** Roger Clark testified if a carotid hold had been performed correctly, Plaintiff would have been unconscious within seconds. In a proper carotid hold, Plaintiff would not be able to speak. A proper carotid hold requires squeezing the three structures on each side of the neck (vagus nerve, jugular vein, carotid artery) which starves the brain of oxygen causing the individual to pass out within seconds.<br><br>**Video Footage:** The video footage shows Officer Tonn pull Plaintiff from the vehicle and place his arm around Plaintiff's neck in a hold. Throughout the entire hold Plaintiff is conscious, and yelling at the officer. Plaintiff's |

| | |
|---|---|
| | ability to talk and remain conscious during the hold establishes that Plaintiff was not placed into the type of carotid hold that is alleged in the complaint.<br><br>**Evidence**:<br>See Defendant's Index of Exhibits to Opposition ("IOE Opp"), Exhibit ("Ex.") B, Tonn Depo. Pgs. 15:1-25, 16: 1-25, 17, 1-25, 18: 1-23, 19: 1-12;<br>Ex. C to the IOE Opp. Cameron Depo Pgs. 19: 14-15, 20: 1-16, 21: 12-15;<br>Ex. D to the IOE Opp. Clark Depo Pgs. 26: 6-22, 46: 1-2, 8-24;<br><br>See Doc. No. 14-2 UMF No. 14-19: (citing Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; Strong Depo 55:3-6, 56:17-25, 57:1-12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.) |
| 2. Plaintiff did not pose a threat of immediate danger or great bodily harm to Jarrett Tonn at the time that he was placed in a carotid hold.<br><br>**Evidence:**<br>Defendants Depo Transcripts pg. 13 Lines 18-23; 26, lines 19-25; 27 lines 1; 29, lines 2-7<br>Exhibit 1 BodyCam Video Footage 00:00-01:11.<br>Exhibit "2" Plaintiff's Cell Phone Cam Video Footage 00:00-01:24<br>Exhibit "3" Stanley Goff Declaration | Disputed as argumentative insofar as Plaintiff is using a "deadly force" assumptive standard, and thus this fact as presented is immaterial without a determination that the force used should be considered 'deadly', which depends on the facts and circumstances, not as a per se principle. Disputed as to the phrase "that he was placed in a carotid hold" as incomplete in that Officer Tonn did not apply pressure, and thus was an incomplete or imperfect carotid hold. See response to Plaintiff's Undisputed Material Fact No. 1, supra.<br><br>Disputed as to Plaintiff omits material facts: the traffic stop occurred in a high crime area, and Plaintiff is shown on the video footage refusing to listen, agitated, and uncooperative. Officer Tonn further explained to Plaintiff at the jail that a cellphone poses a threat to officer safety because it allows the suspect to call for backup.<br><br>**Evidence:**<br>Cited in response to no 1, supra.<br>Ex. B to the IOE Opp. Tonn Depo pg. 9: 12-25; 10: 1-11; 12: 1-5; 27: 14-25, 28:1-25;<br><br>See Doc. No. 14-2 UMF No. 14-19: (citing |

| | | |
|---|---|---|
| | | Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; Strong Depo 55:3-6, 56:17-25, 57:1-12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.) |
| | 3. Plaintiff did not offer resistance or attempt to flee during the incident.<br><br>**Evidence**:<br>Defendants Depo Transcripts pg. 13 Lines 18-23; 26, lines 19-25; 27 lines 1; 29, lines 2-7; 20, lines 8-14<br>Exhibit 1 BodyCam Video Footage 00:00-01:11.<br>Exhibit "2" Plaintiff's Cell Phone Cam Video Footage 00:00-01:24<br>Exhibit "3" Stanley Goff Declaration | Disputed as phrased as conclusory, compound, and unsupported by the evidence cited. It is further disputed in fact. As Officer Tonn attempted to take the phone, Plaintiff pulled away and leaned into the center of his vehicle. After Plaintiff was extracted from the vehicle he continued to hold the phone in his hand despite repeated attempts to drop the phone. Once on the ground, Officer Tonn had to repeatedly tell Plaintiff to put his hands behind his back so that he could be detained in handcuffs.<br><br>**Evidence**:<br>Ex A to the IOE Opp. Strong Depo 55: 3-6; 56: 17-25, 57: 1-12, 83:1-7, 120: 19-25;<br>Ex. B to the IOE Opp. Tonn Depo 9:12-25, 10: 1-11; 11: 19-25; 12: 15-25.<br><br>See Doc. No. 14-2 UMF No. 1, 14-19; See also, Initial Stop Body Cam 0:09-0:25; 0:41-01:05, Police Report pg. 3. ¶ 5; Robert Strong's Cellphone video 0:00-0:10; 0:21-0:25. |
| | 4. Plaintiffs crime at the time that the force was used was not severe because it was only for having expired registration.<br><br>**Evidence**:<br>Defendant's depo transcripts pg. 14 lines 17-20<br>Exhibit 1 BodyCam Video Footage 00:00-01:11.<br>Exhibit "2" Plaintiff's Cell Phone Cam Video Footage 00:00-01:24<br>Exhibit "3" Stanley Goff Declaration | Disputed as phrased, and vague as to timing. "Severe" crime is vague. The expired registration was the basis for the stop. Plaintiff's conduct after the stop was what led to the misdemeanor resisting charge. Ultimately, Plaintiff was arrested for interfering and obstructing with Officer Tonn's traffic stop investigation and driving on a suspended license. Plaintiff cites to Officer Tonn's Deposition (Page 14, lines 17-20) which refers to Plaintiff's citation for misdemeanor resisting and driving on a suspended license, not the expired registration.<br><br>**Evidence**:<br>Ex. A to the IOE Opp. Strong Depo pgs. 13: 5-25,14: 1-8. |

| | |
|---|---|
| | Ex B. to the IOE Opp. Tonn Depo pgs. 14: 17-20; <br><br> See Doc. No. 14-2 UMF No. 1, 14-19: (citing Police Report pg. 3 ¶ 2; Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; Strong Depo 55:3-6, 56:17-25, 57:1-12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.) |
| 5. Defendant Jarrett Tonn never issued a warning before placing the Plaintiff in a carotid hold. <br><br> **Evidence:** <br> Body CamVideo footage 00:00-01:11 <br> Exhibit "2" Plaintiff's Cell Phone Cam Video Footage 00:00-01:24 <br> Exhibit "3" Stanley Goff Declaration | Disputed as immaterial. <br><br> As discussed above, whether Plaintiff was actually placed in a carotid hold is disputed. See response to No. 1, incorporated herein. Furthermore, Officer Tonn warns Plaintiff "I'm going to take this phone. Put your hands behind your back" before he places Plaintiff in the hold. <br><br> **Evidence:** <br> Ex. B to the IOE Opp. Tonn Depo. Pgs. 15:1-25, 16: 1-25, 17, 1-25, 18: 1-23, 19: 1-12. <br> Ex. C to the IOE Opp. Cameron Depo Pgs. 19: 14-15, 20: 1-16, 21: 12-15; <br> Ex. D to the IOE Opp. Clark Depo Pgs. 26: 6-22, 46: 1-2, 8-24; <br><br> See Doc. No. 14-2 UMF No. 14-19: (citing Police Report pg. 3 ¶ 2; Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; Strong Depo 55:3-6, 56:17-25, 57:1-12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.) |

Dated: May 18, 2020

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
John R. Whitefleet
Attorney for Defendants CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS