RANDY J. RISNER
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel:   (707) 648-4545
Fax:  (707) 648-4687

**PORTER | SCOTT**
JOHN R. WHITEFLEET, SBN 213301
KAVAN J. JEPPSON, SBN 327547
350 University Ave., Suite 200
Sacramento, CA
Tel: (916) 929-1481
Fax: (916) 927-3706
Email: jwhitfleet@porterscott.com

Attorneys for Defendants: CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| ROBERT STRONG, | Case No.: 2:18-CV-01246-WBS-AC |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANTS' ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS** |
| CITY OF VALLEJO, JARRETT TONN; ANDREW BIDOU, and DOE VALLEJO POLICE OFFICER, | Date: June 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor |
| Defendants. | |

Defendants CITY OF VALLEJO, and JARRETT TONN ("Defendants") hereby submit this Additional Statement of Undisputed Material Facts in support of their Opposition to Plaintiff's Motion for Partial Summary Judgment.[1]

---

[1] Defendants also rely on UMFs presented in Defendants' Undisputed Material Facts in Support of Motion for Summary Judgment, see Document No. 14-2.

{02194351.DOCX}                                    1
SEPARATE STATMENT OF UNDISPUTED MATERIAL FACTS

//

## STATEMENT OF FACTS

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| **Defenses' Opposition is Supported by the following Undisputed Facts:** | |
| 1. On April 19, 2017, at the location of Glenwood St. and Lassen St., in the city of Vallejo, Officer Tonn conducted a traffic stop on Plaintiff for having an expired vehicle registration. | Exhibit ("Ex") A to the Index of Exhibits in Opposition to Plaintiff's Motion ("IOE Opp.") Robert Strong Depo Excerpt (Strong Depo) pgs. 39: 1-16, 89: 1-25, 90:1-10; Ex. B to the IOE Opp. Jarrett Tonn Deposition Excerpt ("Tonn Depo") pgs. 8: 1-25, 9:1-2; See Defendant's Undisputed Material Facts in Support of Defendants' Motion for Summary Judgement Document No. 14-2 ("Doc. No. 14-2") UMF No. 1 (citing Police Report pg. 3 ¶ 2.) |
| 2. It is Officer Tonn's belief that the block radius surrounding Lassen Street and Glenwood Street is considered an area of high crime due to previous incidents involving stolen cars and guns near that area. | See Doc. No. 14-2, UMF No. 2; (citing Police Report, pg. 3 ¶1; Tonn Depo pg. 28:10-24; Strong Depo pg. 51:1-17.) |
| 3. Officer Tonn told Plaintiff his registration expired on April 2, 2017, and Plaintiff told Officer Tonn that his registration was not expired. | See Doc. No. 14-2, UMF Nos. 4, 7: (citing Initial Stop BWC 0:30-0:40; Police Report pg. 3 ¶ 2, 4; Strong Depo pgs. 51: 18-25, 52: 1-15, 89: 1-25. 90: 1-10; Tonn Depo pgs. 8: 1-25, 9:1-2.) |
| 4. While talking to Officer Tonn, Plaintiff held an iPhone in his hand. | See Doc. No. 14-2, UMF No. 9: (citing Initial Stop BWC 0:00-0:42; Strong Depo pg. 50:1-24; Police Report pg. 3. ¶ 5.) |
| 5. Officer Tonn perceived Plaintiff as angry for being questioned about the registration. | See Doc. No. 14-2, UMF No. 10: (citing Initial Stop BWC 0:09-0:25; Police Report pg. 3. ¶ 5; Tonn Depo pgs. 9:12-25, 10: 1-11.) |
| 6. Concerned that Plaintiff was attempting to | See Doc. No. 14-2, UMF Nos. 10, 26: |

{02194351.DOCX}

2

SEPARATE STATMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| call others to come to his location, Officer Tonn ordered Plaintiff to put his phone down, stating "You don't get to make a call Put your phone down." | (citing Initial Stop BWC 0:09-0:25; Police Report pg. 3. ¶ 5; Tonn Depo pgs. 9:12-25, 10: 1-11; Conversation with Suspect 8 Body worn camera 1:25-3:00.) |
| 7. Plaintiff refused to put his phone down and instead leaned into the center of his vehicle and began to record the officer on his phone | See Doc. No. 14-2, UMF No. 11: (citing Initial Stop BWC 0:09-0:25; Robert Strong's Cellphone video 0:00-0:10; Tonn Depo pgs. 12: 15-25; Strong Depo pgs. 83:1-7, 120: 19-25.) |
| 8. Fearing for his safety, Officer Tonn decided to detain Plaintiff. | Ex B to the IOE Opp. Tonn Depo pgs. 10: 2-8; 11: 19-25, 12: 1-5; <br><br> See Doc. No. 14-2, UMF No. 12: (citing Initial Stop BWC 0:40-1:05; Police Report pg. 3. ¶ 5; Tonn Depo 12:1-5). |
| 9. Officer Tonn first attempted to place Plaintiff in a wrist hold by grabbing his left wrist, but Plaintiff twisted his body and pulled away | See Doc. No. 14-2, UMF No. 13: (citing Initial Stop BWC 0:40-1:05; Police Report pg. 3. ¶ 6; Tonn Depo pgs. 11: 19-25, 12: 1-5; Strong Depo pg. 55: 3-13.) |
| 10. Unable to grab the phone, Officer Tonn pulled Plaintiff from the vehicle | See Doc. No. 14-2, UMF No. 14: (citing Initial Stop BWC 0:40-0:50; Strong Depo pg. 55: 3-6.) |
| 11. Officer Tonn placed his bicep around Plaintiff's neck, placing him in a carotid maneuver to detain him. | Ex. A to the IOE Opp. Strong Depo pg. 122: 2-13; <br> Ex. B to the IOE Opp. Tonn Depo Pgs. 15:1-25, 16: 1-25, 17: 1-25, 18: 1-23, 19: 1-12; <br> Ex. C to the IOE Opp. Don Cameron Deposition Excerpt ("Cameron Depo") Pgs. 19: 14-15, 20: 1-16, 21: 12-15; <br> Ex. D to the IOE Opp. Roger Clark Deposition Excerpt ("Clark Depo") Pgs. 26: 6-22, 46: 1-2, 8-24; <br><br> See Doc. No. 14-2, UMF No. 15: (citing Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; Tonn Depo 18:2-15 19:15-23; Strong Depo 122: 2-13). |
| 12. The carotid maneuver did not cause Plaintiff to lose consciousness or ability to breathe and speak. | Ex. B to the IOE Opp. Tonn Depo Pgs. 15:1-25, 16: 1-25, 17, 1-25, 18: 1-23, 19: 1-12; <br> Ex C. to the IOE Opp. Cameron Depo Pgs. 19: 14-15, 20: 1-16, 21: 12-15. |

| | |
|---|---|
| | Ex. D to the IOE Opp. Roger Clark Depo Pgs. 26: 6-22, 46: 1-2, 8-24;<br><br>See Doc. No. 14-2, UMF No. 15: (citing Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41, Tonn Depo 18:2-15 19:15-23; Strong Depo 122: 2-13.) |
| 13. Officer Tonn brought Plaintiff to the ground, and repeatedly told him to put his hands behind his back/head. | See Doc. No. 14-2, UMF No. 19: (citing Initial Stop BWC 0:41-1:05; Cellphone Video 0:21-1:19.) |
| 14. Plaintiff continued to hold the phone in his right hand while on the ground | See Doc. No. 14-2, UMF No. 17;<br><br>See also, Cellphone Video 0:00 – 0:21; Strong Depo Pgs. 56: 17-25, 57: 1-12. |
| 15. The attempt to detain lasted approximately a minute to a minute and a half | See Doc. No. 14-2, UMF No. 21: (citing Cellphone Video 0:11-1:19; Strong Depo pg. 59: 2-16.) |
| 16. Plaintiff and Defense Experts testified that a carotid hold, when applied with pressure, would leave someone unconscious within seconds. | Ex. C to the IOE Opp. Cameron Depo Pgs. 19: 14-15, 20: 1-16, 21: 12-15;<br>Ex. D to the IOE Opp. Roger Clark Depo Pgs. 26: 6-22, 46: 1-2, 8-24. |
| 17. Officer Tonn eventually detained Plaintiff in handcuffs. | See Doc. No. 14-2, UMF No. 20: (citing Police Report pg. 3. ¶ 7; Strong Depo pg. 61: 18-25.) |
| 18. Plaintiff was also found to have an expired driver's license | See Doc. No. 14-2, UMF No. 23: (citing Police Report pg. 4. ¶ 2; Strong Depo pgs. 13: 5-25, 14: 1-8, 64: 1-4.) |
| 19. Plaintiff was arrested and transported to the Jail for violating Penal Code Section 148(a)(1) and Vehicle Code Section 14601.1 | See Doc. No. 14-2, UMF No. 33: (citing Conversation and Citing BWC 6:48 – 16:27; Police Report pgs. 4. ¶ 3; 6.) |
| 20. Officer Tonn never used Pepper Spray, Batons, and/or other strike weapons | See Doc. No. 14-2, UMF Nos. 14-19: (citing Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; Strong Depo 55:3-6, 56:17-25, 57:1-12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.) |
| 21. At the jail Officer Tonn told Plaintiff the reasons why suspects aren't allowed to use cellphones during a stop, explaining the danger that it poses to both the individual and the officer | See Doc. No. 14-2, UMF No. 30: (citing Conversation with Suspect 8 Body worn camera 1:25-3:00.) |
| 22. Plaintiff was cited and released from the jail. | See Doc. No. 14-2, UMF No. 33: (citing Conversation and Citing BWC 6:48 – 16:27; Police Report pgs. 4. ¶ 3; 6.) |
| 23. Officer Tonn prepared the narrative police report. | See Doc. No. 14-2, UMF No. 34: (citing Tonn Depo 17:13-25, 18:1-15.) |

{02194351.DOCX}

4

SEPARATE STATMENT OF UNDISPUTED MATERIAL FACTS

Dated: May 18, 2020         Respectfully submitted,

                              PORTER SCOTT
                              A PROFESSIONAL CORPORATION

                              By */s/ John R. Whitefleet*
                                  *John R. Whitefleet*
                                  *Attorney for Defendants CITY OF VALLEJO,*
                                  *ANDREW BIDOU, JARRETT TONN*