RANDY J. RISNER
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687

John R. Whitefleet, SBN 213301
Kavan J. Jeppson, SBN 327547
PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA
Tel: (916) 929-1481
Fax: (916) 927-3706
Email: jwhitfleet@porterscott.com

Attorneys for Defendants: CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| ROBERT STRONG, | Case No.: 2:18-CV-01246-WBS-AC |
| Plaintiff, | **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS** |
| v. | |
| CITY OF VALLEJO, JARRETT TONN; ANDREW BIDOU, and DOE VALLEJO POLICE OFFICER, | Date: June 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor |
| Defendants. | |

Defendants CITY OF VALLEJO, and JARRETT TONN ("Defendants") hereby submit this Separate Statement of Undisputed Material Facts in support of their Motion for Summary Judgment.

//

{02185882.DOCX}                                                1

## STATEMENT OF FACTS

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Summary Judgment is Supported by the following Undisputed Facts:** | |
| 1. Officer Tonn was employed with the Vallejo Police Department on April 19th, 2017 as a Detective, and was on Patrol in the area of Lassen Street and Glenwood Street in Vallejo.<br><br>**Evidence:** Exhibit ("Ex") F to the Index of Exhibits ("IOE") Officer Tonn Police Report ("Police Report") Pg 3. ¶ 1; Ex. B to the IOE Officer Tonn Depo Transcript ("Tonn Depo") 6:1-13. | This fact is not disputed. |
| 2. It is Officer Tonn's belief that the block radius surrounding Lassen Street and Glenwood Street is considered an area of high crime due to previous incidents involving stolen cars and guns near that area.<br><br>**Evidence:** Ex F to the IOC, Police Report, page 3 ¶1; Ex. B to the IOE Tonn Depo 28:10-24; Exhibit A to the IOE Robert Strong Deposition Transcript ("Strong Depo") 51:1-17. | This fact is disputed. (Declaration of Robert Strong pg. 2 lines 1) |
| 3. Officer Tonn observed Plaintiff sitting in the driver's seat of his car on Glenwood Street.<br><br>**Evidence:** Ex. A to the IOE Strong Depo page 39: 1-16, Ex. B to the IOE Officer Tonn Depo 8: 1-25, 9:1-2; Ex. D to the IOE Police Report pg. 3 ¶ 2. | This fact is disputed. Tonn intially seen the Plaintiff walking toward his car before he actually sat inside the car. (Robert Strong Declaration pg. 3 lines 3-4) Deposition of Robert Strong pg 39 lines 20-25) |
| 4. Officer Tonn ran Plaintiff's vehicle registration which came back expired on April 2nd, 2017. | This fact is not disputed. |

{02185882.DOCX}                     2

| | |
|---|---|
| **Evidence:** Ex. F to IOE Police Report page 3 ¶2; Strong Depo 89: 1-25, 90:1-10. | |
| 5. Officer Tonn activated his emergency lights, and conducted a traffic stop<br>**Evidence:** Ex. B to the IOE Tonn Depo 8: 1-25; Ex.F to the IOE Police Report Pg 3. ¶ 2. | This fact is not in dispute. |
| 6. Officer Tonn contacted Plaintiff who was seated in the driver's seat with the car on and running.<br>**Evidence:** Ex. B to the IOE Tonn Depo 8: 17-25; Ex. G to the IOE Initial Stop Body Warn Camera ("Initial Stop BWC") 0:00-0:25. | This fact is in dispute. The Plaintiff was not operating his car at the time he was approached and is car was not running. (Dec of Robert Strong pg. 4 lines 5-7) |
| 7. Officer Tonn told Plaintiff that his vehicle registration had expired on April 2nd, 2017.<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:30-0:40; Ex. F to IOE Police Report pg. 3. ¶ 2; Ex. A to the IOE Strong Depo, 51: 18-25, 52: 1-15. | This fact is not in dispute. |
| 8. Plaintiff did not believe that his registration was expired on April 17, 2017.<br>**Evidence**: Ex. A to the IOE Strong Depo, 51: 18-25, 52: 1-15; Ex. F to IOE Police Report pg. 3. ¶ 4 | This fact is not in dispute. |
| 9. Plaintiff held a black iPhone in his right hand while sitting in the car.<br>**Evidence**: Ex. G to the IOE Initial Stop BWC 0:00-0:42; Ex. A to the IOE Strong Depo 50:1-24; Ex. F to IOE Police Report pg. 3. ¶ 5. | This fact is not in dispute. |
| 10. Officer Tonn perceived Plaintiff as angry for being questioned about the registration, and concerned that Plaintiff was attempting to call others to come to his location, Officer Tonn ordered Plaintiff to put his phone down, stating, "You don't get to make a call. Put your phone down."<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:09-0:25; Ex. F to IOE Police Report pg. 3. ¶ 5; Ex. B to the IOE Tonn Depo 9:12-25, 10: 1-11. | This fact is in dispute. Tonn never ordered the Plaintiff not to make a call or to put his phone down. Deposition of Robert Strong pg. 50 lines 2-24. |
| 11. Plaintiff refused to put the phone down and instead leaned into the center of his vehicle and began to | |

350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02185882.DOCX}                 3

| | |
|---|---|
| record the officer on his phone.<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:09-0:25; Ex. K Robert Strong's Cellphone video ("Cellphone Video") 0:00-0:10; Ex. B to the IOE Tonn Depo 12: 15-25; Ex. A to the IOE Strong Depo 83:1-7, 120: 19-25. | This fact is in dispute. Tonn never ordered the Plaintiff not to make a call or to put his phone down. Deposition of Robert Strong pg. 50 lines 2-24. |
| 12. Fearing for his safety, Officer Tonn determined to detain Plaintiff.<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:40-1:05; Ex. F to IOE Police Report pg. 3. ¶ 5; Ex. B to the IOE Tonn Depo 12:1-5. | This fact is in dispute. Plaintiff Did not threaten Tonn in any manner during the incident. |
| 13. Officer Tonn first attempted to place Plaintiff in a wrist hold by grabbing his left wrist, but Plaintiff twisted his body and pulled away.<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:40-1:05; Ex. F to IOE Police Report pg. 3. ¶ 6; Ex. B to the IOE Tonn Depo 11: 19-25, 12: 1-5; Ex. A to the IOE Strong Depo 55: 3-6. | Plaintiff dispute this fact. Plaintiff did not try to pull away from Tonn. He was trying to prevent the seizure of his phone without a warrant. Declaration of Robert Strong para 5 line 7-8) |
| 14. Unable to grab the phone, Officer Tonn then grabbed Plaintiff by his left arm and hair and pulled him out of the vehicle<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:40-0:50; Ex. A to the IOE Strong Depo 55: 3-6. | This fact is not in dispute. |
| 15. Once outside the vehicle, Officer Tonn placed his arm around Plaintiff's neck and brought him to the ground in a control hold<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:50-1:05; Ex. K Cellphone Video ("Cellphone Video") 0:08-0:41; Ex. B to the IOE Tonn Depo 18: 2-15, 19: 15-23; Ex. A to the IOE Strong Depo 122: 2-13. | This fact is in dispute. Tonn placed Plaintiff in a carotid hold which prevented the Plaintiff from being able to breath initially. Defendants Response to Request for admissions. Plaintiffs exhibit 4; Body cam Video Plaintiffs exh 2 and 3<br><br>Robert Strong Dec. para 6 lines 9-10 |
| 16. Officer Tonn called for backup and repeatedly told Plaintiff to place his hands behind his back/head.<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:20-1:05; Ex. K Cellphone Video ("Cellphone Video") 0:15-0:31. | Thsi fact is not in dispute. |
| 17. During the struggle, Plaintiff continued holding his iPhone in his right hand<br>**Evidence:** Ex. K Cellphone Video | This fact is not in dispute. |

{02185882.DOCX}   4

| | |
|---|---|
| ("Cellphone Video") 0:00 – 0:21; Ex. A to the IOE Strong Depo 56: 17-25, 57: 1-12. | |
| 18. Officer Tonn knocked the phone out of Plaintiff's hand and gained control of his right arm<br>**Evidence:** Ex. K Cellphone Video ("Cellphone Video") 0:21-0:25; Ex. A to the IOE Strong Depo 56: 17-25, 57: 1-12. | This fact is not disputed. |
| 19. After the phone was knocked away, Officer Tonn repeatedly told Plaintiff to place his right hand behind his back<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:41-1:05; Ex. K Cellphone Video ("Cellphone Video") 0:21-1:19. | This fact is not disputed. |
| 20. Officer Tonn was able to detain Plaintiff by placing both of his wrists in handcuffs.<br>**Evidence:** Ex. F to IOE Police Report pg. 3. ¶ 7; Ex. A to the IOE Strong Depo 61: 18-25. | This fact is not disputed. |
| 21. In total Plaintiff was placed in the control hold for approximately a minute to a minute and half.<br>**Evidence:** Ex. K Cellphone Video ("Cellphone Video") 0:11-1:19; Ex. A to the IOE Strong Depo 59: 2-16. | This fact is disputed . Plaintiff was placed in a carotid hold. Dec of Robert Strong para 6 line 9-10 |
| 22. Officer Tonn used his well-reasoned discretion in the amount of force used, which was consistent with the Vallejo Police Department Use of Force Section 300.3.<br>**Evidence:** Ex. C of IOE Vallejo Police Department Use of Force Policy Section 300.3; Ex. B to the IOE Tonn Depo 29: 14-25, 30: 1-22. | This fact is disputed . Plaintiff was placed in a carotid hold. Dec of Robert Strong para 6 line 9-10 Report by Roger Clark |
| 23. It was determined that Plaintiff's license was suspended, so Plaintiff's vehicle was towed<br>**Evidence:** Ex. F to IOE Police Report pg. 4. ¶ 2; Ex. A to the IOE Strong Depo 13: 5-25,14: 1-8, 64: 1-4. | This fact is not disputed. |
| 24. While at the jail, Plaintiff was read and understood his Miranda Rights.<br><br>**Evidence:** Ex. H to the IOE Miranda Body Warn Camera Video ("Miranda BWC") 0:39-0:59; Ex. F to IOE Police Report pg. 4. ¶ 2 | This fact is not disputed. |

350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02185882.DOCX}　　　　　　　　　　5

350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

| Fact | Response |
|---|---|
| 25. Plaintiff remained agitated and yelled at Officer Tonn while the two spoke in the holding cell.<br>**Evidence:** Ex. H to the IOE Miranda BWC 0:21 – 6:47. | This fact is not disputed but it is not relevant. |
| 26. Officer Tonn explained to Plaintiff the reason that he was stopped was because his registration was expired, his car was not from the neighborhood, and Plaintiff acted "super hostile. Didn't want to listen, yelled, and argued."<br>**Evidence:** Ex. I to the IOE Conversation with Suspect 8 Body worn camera ("Convo with Suspect BWC") 1:25 - | This fact is not disputed. |
| 27. Plaintiff believes that police officers sometimes harass people<br><br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 0:50–1:07; Ex. A to the IOE Strong Depo 113: 7-25, 114: 1-19. | This fact is not disputed. |
| 28. Officer Tonn stated that he doesn't want to be one of those officers that "ends up on Youtube, or fights someone, or does anything he doesn't have to."<br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 9:39 – 9:55. | This fact is not disputed. |
| 29. Officer Tonn Stated, "At the same time, I've met nice people that have guns in their car. All sorts of stuff and I can't risk it. You wouldn't listen so I had to cite."<br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 9:39 – 9:55. | This fact is not in dispute. |
| 30. Officer Tonn explained to Plaintiff the due to officer safety concerns, Police Officers don't allow phone calls to be made during a stop.<br><br>**Evidence:** Ex. J to IOE Conversation with Suspect and citing out Body Warn Camera ("Conversation and Citing BWC") 0:45 – 1:03. | This fact is not disputed. |
| 31. Plaintiff told Officer Tonn he has | |

{02185882.DOCX}    6

| | |
|---|---|
| anger issues, and has been to anger classes in the past.<br><br>**Evidence:** Ex. A to the IOE Strong Depo 81: 6-25; Ex. I to the IOE Convo with Suspect BWC 10:10-10:30. | This fact is not in dispute. |
| 32. Plaintiff told Officer Tonn that he has trouble with listening to people.<br><br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 3:40 – 4:11; Ex. J to the IOE Conversation and Citing BWC 3:30 – 4:10, 4:53. | This fact is not in dispute. |
| 33. Plaintiff received a citation for violation of PC 148(a)(1) and VC 14601.1 and was released from the Vallejo Police Department<br><br>**Evidence:** Ex. J to the IOE Conversation and Citing BWC 6:48 – 16:27; Ex. F to IOE Police Report pg. 4. ¶ 3 pg 6. | This fact is not in dispute. |
| 34. Officer Tonn wrote the narrative police report for the arrest.<br>**Evidence:** Ex. B to the IOE Tonn Depo 17:13-25, 18:1-15. | This fact is not in dispute. |

Dated: March 31, 2020

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
    John R. Whitefleet
    *Attorney for Defendants CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN*

{02185882.DOCX}                                          7