**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
Kavan J. Jeppson, SBN 327547
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT**

| | |
|---|---|
| ROBERT STRONG, | Case No.: 2:18-CV-01246-WBS-AC |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CITY OF VALLEJO, JARRETT TONN; ANDREW BIDOU, and DOE VALLEJO POLICE OFFICER, | Date:  June 1, 2020 Time: 1:30 p.m. Courtroom: 5, 14th Floor |
| Defendants, | |
| _____/ | |

Defendants City of Vallejo ("City") and Jarrett Tonn hereby submit the following Reply to Plaintiff's Opposition to Defenses' Motion for Summary Judgment.

///

///

{02211993.DOCX}                                                        1

# I.
# INTRODUCTION

Defendants moved as to all claims asserted by Plaintiff, including that the force used was reasonable and/or that Officer Tonn was entitled to qualified immunity, that there was no evidence to support a *Monell* claim against the City, and that Plaintiff cannot establish the elements needed for his state law claims.

In opposition, Plaintiff fails to address a majority of these issues. Plaintiff agrees to dismissal of the false arrest claim, but fails to address his *Monell* claim, nor any of the state law claims, and thus concedes summary judgment to these claims is proper. Defendants submit Plaintiff admits to a majority of the facts as undisputed, and the remainder fails to present any substantial material facts that creates a genuine dispute. Therefore, Plaintiff has failed to create a genuine issue to preclude summary judgment. Defendants' motion should be granted.

# II.
# DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS BASED ON THE DETENTION OR ARREST

Defendants moved for summary judgment on the claims of Plaintiff based on the initial detention and/or arrest of Plaintiff on the grounds that there was reasonable suspicion and/or probable cause to support both. In opposition, Plaintiff fails address these claims, while expressly agreeing to dismiss the false arrest claim. As to the other claims of negligence, battery, and intentional infliction of emotional distress, Plaintiff does not address these issues. The failure to address these claims in any argument is tantamount to conceding summary judgment is proper. Accordingly, the motion as to these claims should be granted.

# III.
# PLAINTIFF CANNOT ESTABLISH A MONELL CLAIM AGAINST THE CITY OF VALLEJO

Defendants argued that Plaintiff cannot establish a Monell claim against the City. Plaintiff failed to address the *Monell* claim in its entirety, and thereby concedes the motion should be granted.

///

///

## IV.
## PLAINTIFF CANNOT ESTABLISH A VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

Defendants argued Plaintiff could not establish a violation of California Civil Code § 52.1 ("Bane Act"), on the grounds that there is no evidence reflecting any separate threats, intimidation, or coercion by Officer Tonn to interfere with Plaintiff's rights. In opposition, Plaintiff fails to address the Bane Act claim in its entirety, and thereby concedes the motion should be granted.

## V.
## PLAINTIFFS' RELIANCE ON EXPERT DECLARATIONS IS INAPPROPRIATE AND INSUFFICIENT TO CREATE A GENUINE ISSUE

As more fully set forth in Defendants' Objections to Evidence Plaintiff's reliance on the declaration of Roger Clark, a police practices expert, or his report, is insufficient to bar summary judgment on behalf of Defendants.

Even if potentially admissible, Roger Clark's opinions are insufficient to create genuine issue and preclude summary judgment. "The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable." *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) *overruled on other grounds*, *Acri v. Varian Assocs., Inc.*, 114. F.3d 999 (9th Cir. 1997). The inquiry is not whether "another more reasonable interpretation can be construed… after the fact." *Id. citing Hunter v. Bryant,* 502 U.S. 224, 228 (1991). Rather, the "issue is whether a reasonable officer could have believed that his conduct was justified." *Id. See also*, *City and Cnty. Of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015) (A plaintiff cannot 'avoi[d] summary judgment by simply producing an expert's report that an officer's conduct leading up to a deadly confrontation was imprudent, inappropriate, or even reckless). The Court must, therefore, disregard the argumentative and conclusory declarations of Roger Clark.

## VI.
## PLAINTIFF FAILED TO CREATE A GENUINE DISPUTE THAT OFFICER TONN USED EXCESSIVE FORCE

Since Plaintiff concedes that his detainment and arrest were lawful, Plaintiff's only remaining contention is that Officer Tonn used excessive force. In opposition, Plaintiff relies on the identical argument that he raised in his own Motion for Partial Summary Judgment (See Docket. No.15-1). Plaintiff claims that it is undisputed that Officer Tonn placed Plaintiff in a carotid hold, and, therefore, his actions

1  constituted a "severe intrusion on Plaintiff's Fourth Amendment Rights." (Opposition, 5: 12-21).
2  Moreover, Plaintiff alleges that the use and/or attempted use of a carotid hold is *per se* unconstitutional
3  (*Id.*) Insofar as this was undisputedly an incomplete carotid hold, Plaintiff's argument fails.

4  Plaintiff also again relies solely on *Nava v. City of Dublin*, 121 F.3d 453 (9th Cir. 1997) which
5  actually reversed an injunction issued against the LAPD's use of carotid holds. Plaintiff's reliance on *Nava*
6  is misplaced, not only for the procedural differences and issues on appeal, but also because the facts in
7  that case reveal that the plaintiff lost consciousness. Plaintiff fails to address the fact that he never lost
8  consciousness in both his moving and opposition papers. Plaintiff further disregards the findings of his
9  own expert, Roger Clark, who testified that true carotid hold would remove an individual's ability to speak
10 and render them unconscious within seconds. Clearly Plaintiff did not lose consciousness, as the video
11 evidence shows him scream and yell during the entire control hold.  Plaintiff also mischaracterizes Officer
12 Tonn's response in his request for admission in an attempt to establish that a true carotid hold was used.
13 Plaintiff states in opposition, "It is undisputed that Officer Tonn placed Plaintiff in a carotid hold",
14 however, Plaintiff conveniently fails to provide the entire response which states Officer Tonn "did not
15 apply pressure to 'choke' Plaintiff in a choke hold." (Opposition, 7: 9-10).  Plaintiff has simply not
16 presented any evidence that can establish the hold applied pressure to the Plaintiff's carotid arteries,
17 causing him to lose consciousness and/or the ability to speak.

18 Notwithstanding the fact that Plaintiff failed to present any evidence showing that Officer Tonn
19 perfected the carotid hold, Plaintiff also fails to cite the other Ninth Circuit cases that have found carotid
20 holds as an appropriate forms of less-than-deadly force. [1] Plaintiff's opposition serves as a self-serving
21 account of the facts that directly disregard both the video evidence and Plaintiff's own expert's findings.
22 Plaintiff's entire argument rests on the allegation that a true carotid hold was used, however, as argued in
23 Defendants' moving and opposition papers, the undisputed facts demonstrate that Officer Tonn's
24 maneuver was unalike the types of holds/restraints that the Ninth Circuit has found to constitute deadly or
25 significant force. Thus, Plaintiff has failed to create a genuine issue to preclude summary judgment.
26 ///
27

28 [1] *See Gonzalez v. City of Anaheim,* 747 F.3d 789, 792, fn. 3 (9th Cir. 2014); *See also Gregory v. County of Maui,* 523 F.3d 1103, 1106-07 (9th Cir. 2008) (holding that use of a carotid-type restraint was objectively reasonable).

## VII.
## PLAINTIFF FAILED TO ESTABLISH THAT OFFICER TONN IS NOT ENTITLED TO QUALIFIED IMMUNITY

As previously noted in the Defendants' moving and opposition papers, excessive force incidents are highly fact-specific and without cases squarely on point, officers receive the protection of qualified immunity. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) *citing to Mullenix v. Luna*, 136 S.Ct. 305, 309 (2015). It is Plaintiff's burden to establish that the law was clearly established. *See Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017).

Even assuming arguendo a constitutional injury, Plaintiff must still demonstrate whether the alleged constitutional right was clearly established in order to overcome qualified immunity. Plaintiff has failed to do so.

The Supreme Court of the United States emphasized to the Ninth Circuit, and the Ninth Circuit later acknowledged, the Court must not "define clearly established law at a high level of generality.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017), *S.B. v. County of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017) citing *City and Cnty. Of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1775-76 (U.S. 2015). In the wake of the Supreme Court's holding in *White v. Pauly*, the Ninth Circuit has emphasized that to avoid imposition of qualified immunity, the Plaintiff must identify a specific case where a person acting under similar circumstances was held to have violated the Fourth Amendment. (Emphasis Added) *See S.B.,* 864 F.3d at 1015–16 ("We hear the Supreme Court loud and clear.  Before a court can impose liability on [the subject officer . . .], we must identify precedent as of [the date of the incident—that put [the officer on clear notice that [certain conduct . . .] violated the Fourth Amendment."). In *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017), the Ninth Circuit acknowledged that the clearly established law must have been "developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendants place." "[T]he clearly established law must be 'particularized' to the facts of the case." (Emphasis added) *White*, *supra,* 137 S. Ct. at 552 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Plaintiff cites to the "similar cases" of *Bryan v. MacPherson,* 630 F.3d 805 (9th Cir. 2010) and *Blankenhorn v. City of Orange*, 485 F.3d 463, 480 (9th Cir. 2007) in support of his contention that

Plaintiff's constitutional right was clearly established at the time of the incident (Opposition, 10:4-7.) Defendants are unclear how *Bryan or Blankehorn* are remotely similar to the present case. The case of *Bryan* involved the use of a stun-gun during a traffic stop for a seatbelt violation. *Bryan supra*, 630 F. 3d at 805. Court found that the use of a stun gun was excessive under the circumstances, but did not violate clearly established Fourth Amendment Rights. *Id*. at 835. Accordingly, the officer in *Bryan* was granted qualified immunity, which undermines Plaintiff's entire argument. *Id*.

The case of *Blankenhorn* involved officers punching Blankenhorn at least one time in the head, two times in the side, and one time to the body during a struggle that stemmed from a trespassing crime. *Blankenhorn*, *supra*, 485 at 470. The Court ultimately found that the officers' repeated punches were not reasonably justified under the circumstances. *Id*. at 480.

The facts of *Bryan and Blankenhorn* are inapposite from the incident involving Plaintiff, where it is undisputed that Plaintiff was placed in a brief control hold, but Plaintiff was never tased, never punched, and never struck with any weapons. Plaintiff's citations to very general statements of law on the Fourth Amendment are insufficient to show that the alleged constitutional right was clearly established at the time of the incident. To avoid the imposition of qualified immunity, the Plaintiff must identify a specific case where a person acting under similar circumstances was held to have violated the Fourth Amendment. Plaintiff does not identify any case with similar facts because no such cases exists. Therefore, Officer Tonn is entitled to qualified immunity.

## VIII.
## CONCLUSION

Based on the foregoing, Defendants respectfully requests that their Motion for Summary Judgment be granted.

Dated: May 22, 2020                         PORTER SCOTT
                                            A PROFESSIONAL CORPORATION

                                            By /s/ *John R. Whitefleet*
                                                John R. Whitefleet
                                                Kavan J. Jeppson
                                                Attorneys for Defendants