**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
Kavan J. Jeppson, SBN 327547
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT**

| | |
|---|---|
| ROBERT STRONG, | Case No.: 2:18-CV-01246-WBS-AC |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CITY OF VALLEJO, JARRETT TONN; ANDREW BIDOU, and DOE VALLEJO POLICE OFFICER, | Date: June 1, 2020 |
| Defendants, | Time: 1:30 p.m. |
| _____/ | Courtroom: 5, 14th Floor |

///
///
///
///

{02212842.DOCX}                    1

DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS

## STATEMENT OF FACTS

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSES |
|---|---|---|
| 1. Officer Tonn was employed with the Vallejo Police Department on April 19th, 2017 as a Detective, and was on Patrol in the area of Lassen Street and Glenwood Street in Vallejo.<br><br>**Evidence:** Exhibit ("Ex") F to the Index of Exhibits ("IOE") Officer Tonn Police Report ("Police Report") Pg 3. ¶ 1; Ex. B to the IOE Officer Tonn Depo Transcript ("Tonn Depo") 6:1-13. | This fact is not disputed. | UMF 1 remains undisputed. |
| 2. It is Officer Tonn's belief that the block radius surrounding Lassen Street and Glenwood Street is considered an area of high crime due to previous incidents involving stolen cars and guns near that area.<br><br>**Evidence:** Ex F to the IOC, Police Report, page 3 ¶1; Ex. B to the IOE Tonn Depo 28:10-24; Exhibit A | This fact is disputed. (Declaration of Robert Strong pg. 2 lines 1) | Plaintiff fails to place this item in dispute.<br><br>Plaintiff's subjective understanding or interpretation of the crime level of the area should be disregarded, as it has no relevance on Officer Tonn's experience with crime in the area. Moreover, There is no evidence to suggest that Plaintiff has a sufficient foundation to testify as to whether the area surrounding Lassen Street and Glenwood Street is considered a high crime area. |

| | | |
|---|---|---|
| to the IOE Robert Strong Deposition Transcript ("Strong Depo") 51:1-17. | | Based thereon, UMF 2 remains undisputed. |
| 3. Officer Tonn observed Plaintiff sitting in the driver's seat of his car on Glenwood Street.<br><br>**Evidence:** Ex. A to the IOE Strong Depo page 39: 1-16, Ex. B to the IOE Officer Tonn Depo 8: 1-25, 9:1-2; Ex. D to the IOE Police Report pg. 3 ¶ 2. | This fact is disputed. Tonn initially seen the Plaintiff walking toward his car before he actually sat inside the car (Robert Strong Declaration pg. 3 lines 3-4, Deposition of Robert Strong pg. 39 lines 20-25) | Plaintiff fails to place this item in dispute.<br><br>Plaintiff's insertion of the unrelated fact he "was walking to his car and was not inside of it initially" does not place Defendants' fact in dispute. The body-worn camera evidence clearly shows Plaintiff sitting in his vehicle when Officer Tonn approaches the vehicle.<br><br>Based thereon, UMF 3 remains undisputed. |
| 4. Officer Tonn ran Plaintiff's vehicle registration which came back expired on April 2nd, 2017.<br><br>**Evidence:** Ex. F to IOE Police Report page 3 ¶2; Strong Depo 89: 1-25, 90:1-10. | This fact is not disputed | UMF 4 remains undisputed. |
| 5. Officer Tonn activated his emergency lights, and conducted a traffic stop<br>**Evidence:** Ex. B to the IOE Tonn Depo 8: 1-25; Ex.F to the IOE Police Report Pg 3. ¶ 2. | This fact is not in dispute. | UMF 5 remains undisputed. |
| 6. Officer Tonn contacted Plaintiff who was seated in | This fact is in dispute. The Plaintiff was not operating his car at the time he was | Plaintiff fails to place this item in dispute. |

| | | |
|---|---|---|
| the driver's seat with the car on and running.<br>**Evidence:** Ex. B to the IOE Tonn Depo 8: 17 -25; Ex. G to the IOE Initial Stop Body Warn Camera ("Initial Stop BWC") 0:00-0:25. | approached and his car was not running. (Dec of Robert Strong pg. 4 lines 5-7.) | Plaintiff's insertion of the unrelated fact that he "was not operating the car" does not place Defendants' fact in dispute. Plaintiff has failed to proffer any significant probative evidence aside from his own conclusory statements that his car was turned off at the time of contact.<br><br>Plaintiff's assertion, at most, nominally disputes the material fact and thus, UMF 6 remains undisputed. |
| 7. Officer Tonn told Plaintiff that his vehicle registration had expired on April 2nd, 2017.<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:30-0:40; Ex. F to IOE Police Report pg. 3. ¶ 2; Ex. A to the IOE Strong Depo, 51: 18-25, 52: 1-15. | This fact is not in dispute. | UMF 7 remains undisputed. |
| 8. Plaintiff did not believe that his registration was expired on April 17, 2017.<br>**Evidence**: Ex. A to the IOE Strong Depo, 51: 18-25, 52: 1-15; Ex. F to IOE Police Report pg. 3. ¶ 4 | This fact is not in dispute. | UMF 8 remains undisputed. |
| 9. Plaintiff held a black iPhone in his right hand while sitting in the car.<br>**Evidence**: Ex. G to the IOE Initial Stop BWC 0:00-0:42; Ex. A to the IOE Strong Depo 50:1-24; Ex. F to IOE Police Report pg. 3. ¶ 5. | This fact is not in dispute. | UMF 9 remains undisputed. |

| | | |
|---|---|---|
| 10. Officer Tonn perceived Plaintiff as angry for being questioned about the registration, and concerned that Plaintiff was attempting to call others to come to his location, Officer Tonn ordered Plaintiff to put his phone down, stating, "You don't get to make a call. Put your phone down." <br> **Evidence:** Ex. G to the IOE Initial Stop BWC 0:09-0:25; Ex. F to IOE Police Report pg. 3. ¶ 5; Ex. B to the IOE Tonn Depo 9:12-25, 10: 1-11. | This fact is in dispute. Tonn never ordered the Plaintiff not to make a call or to put his phone down. (Deposition of Robert Strong pg. 50 lines 2-24). | Plaintiff fails to place this item in dispute. <br><br> Plaintiff relies on his self-serving deposition testimony which is such clearly contrary to the evidence depicted on Officer Tonn's body-worn camera, which clearly captures Officer Tonn state, "You don't get to make a call. Put your phone down." <br><br> As such, the video footage is the best evidence and undermines Plaintiff's dispute. <br><br> Based thereon, UMF 10 remains undisputed. |
| 11. Plaintiff refused to put the phone down and instead leaned into the center of his vehicle and began to record the officer on his phone. <br> **Evidence:** Ex. G to the IOE Initial Stop BWC 0:09-0:25; Ex. K Robert Strong's Cellphone video ("Cellphone Video") 0:00-0:10; Ex. B to the IOE Tonn Depo 12: 15-25; Ex. A to the IOE Strong Depo 83:1-7, 120: 19-25. | This fact is in dispute. Tonn never ordered the Plaintiff not to make a call or to put his phone down. (Deposition of Robert Strong pg. 50 lines 2-24). | Plaintiff fails to place this item in dispute. <br><br> As stated above in UMF 10, the video footage captures Officer Tonn ordering Plaintiff to put his phone down. <br><br> Based thereon, UMF 11 remains undisputed. |
| 12. Fearing for his safety, Officer Tonn determined to detain Plaintiff. <br> **Evidence:** Ex. G to the IOE Initial Stop BWC 0:40-1:05; Ex. F to IOE | This fact is in dispute. Plaintiff did not threaten Tonn in any manner during the incident. | Plaintiff fails to place this item in dispute. <br><br> Plaintiff does not cite any evidence to support this alleged dispute. |

| | | |
|---|---|---|
| Police Report pg. 3. ¶ 5; Ex. B to the IOE Tonn Depo 12:1-5. | | Moreover, Plaintiff does not even address the substance of the UMF. Plaintiff's insertion of the irrelevant fact that he did not "threaten Tonn in any manner" has no relevance to Officer Tonn's decision to detain. Plaintiff's subjective and self-serving response does not place this item in dispute.<br><br>Based thereon, UMF 12 remains undisputed. |
| 13. Officer Tonn first attempted to place Plaintiff in a wrist hold by grabbing his left wrist, but Plaintiff twisted his body and pulled away.<br>**Evidence**: Ex. G to the IOE Initial Stop BWC 0:40-1:05; Ex. F to IOE Police Report pg. 3. ¶ 6; Ex. B to the IOE Tonn Depo 11: 19-25, 12: 1-5; Ex. A to the IOE Strong Depo 55: 3-6. | Plaintiff disputes this fact. Plaintiff did not try to pull away from Tonn. He was trying to prevent the seizure of his phone without a warrant. (Declaration of Robert Strong para 5 line 7-8). | Plaintiff fails to place this item in dispute.<br><br>Plaintiff's self-serving statement is clearly contrary to the evidence depicted on Officer Tonn's body-worn camera which shows Plaintiff twist and pull away from the officer when he attempts to grab the phone. As such, Plaintiff has not genuinely disputed this fact.<br><br>Based thereon, UMF 13 remains undisputed. |
| 14. Unable to grab the phone, Officer Tonn then grabbed Plaintiff by his left arm and hair and pulled him out of the vehicle<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:40-0:50; Ex. A to the IOE Strong Depo 55: 3-6. | This fact is not in dispute. | UMF 14 remains undisputed. |
| 15. Once outside the vehicle, Officer Tonn placed his arm around Plaintiff's neck and brought him to the | This fact is in dispute. Tonn placed Plaintiff in a carotid hold which prevented the Plaintiff from being able to breath initially. (Defendants Response to Request for | Plaintiff has failed to place this item in dispute.<br><br>First, it is improper expert opinion for Plaintiff to rely on his own declaration to allege |

{02212842.DOCX}   6

| | | |
|---|---|---|
| ground in a control hold<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:50-1:05; Ex. K Cellphone Video ("Cellphone Video") 0:08-0:41; Ex. B to the IOE Tonn Depo 18: 2-15, 19: 15-23; Ex. A to the IOE Strong Depo 122: 2-13. | Admissions; Plaintiff's exhibit 4; Body cam video; Plaintiff's exh 2 and 3; Robert Strong Dec. para 6 lines 9-10. | that a "carotid hold" was used. Plaintiff is not a police practices expert and cannot self-evaluate that he was specifically placed in a "carotid hold." In Plaintiff's deposition, he never once categorized the hold as a "carotid hold" Plaintiff's subjective belief as to the use of a "carotid hold" is therefore irrelevant, speculation and/or unreliable.<br><br>Second, Plaintiff mischaracterizes Officer Tonn's Response to Request for Admission. Officer Tonn's Response is as follows: "Admit that responding party placed Plaintiff in a carotid hold to detain Plaintiff as he resisted Officer Tonn, **but did not apply pressure to "choke" Plaintiff in the hold.**"<br><br>Finally, the video footage shows Plaintiff screaming and yelling during the entire hold without losing his ability to breathe. Thus, Plaintiff has not genuinely disputed this fact.<br><br>Based thereon, UMF 15 remains undisputed. |
| 16. Officer Tonn called for backup and repeatedly told Plaintiff to place his hands behind his back/head.<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:20-1:05; Ex. K Cellphone Video | This fact is not in dispute. | UMF 16 remains undisputed. |

{02212842.DOCX}  7

DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS

| | | |
|---|---|---|
| ("Cellphone Video") 0:15-0:31. | | |
| 17. During the struggle, Plaintiff continued holding his iPhone in his right hand<br>**Evidence:** Ex. K Cellphone Video ("Cellphone Video") 0:00 – 0:21; Ex. A to the IOE Strong Depo 56: 17-25, 57: 1-12. | This fact is not in dispute. | UMF 17 remains undisputed. |
| 18. Officer Tonn knocked the phone out of Plaintiff's hand and gained control of his right arm<br>**Evidence:** Ex. K Cellphone Video ("Cellphone Video") 0:21-0:25; Ex. A to the IOE Strong Depo 56: 17-25, 57: 1-12. | This fact is not disputed. | UMF 18 remains undisputed. |
| 19. After the phone was knocked away, Officer Tonn repeatedly told Plaintiff to place his right hand behind his back<br>**Evidence:** Ex. G to the IOE Initial Stop BWC 0:41-1:05; Ex. K Cellphone Video ("Cellphone Video") 0:21-1:19. | This fact is not disputed. | UMF 19 remains undisputed. |
| 20. Officer Tonn was able to detain Plaintiff by placing both of his wrists in handcuffs.<br>**Evidence:** Ex. F to IOE Police Report pg. 3. ¶ 7; Ex. A to the IOE Strong Depo 61: 18-25. | This fact is not disputed. | UMF 20 remains undisputed. |

| | | |
|---|---|---|
| 21. In total Plaintiff was placed in the control hold for approximately a minute to a minute and half.<br>**Evidence:** Ex. K Cellphone Video ("Cellphone Video") 0:11-1:19; Ex. A to the IOE Strong Depo 59: 2-16. | This fact is disputed. Plaintiff was placed in a carotid hold (Dec of Robert Strong para 6 line 9-10) | Plaintiff has failed to place this item in dispute.<br><br>As addressed above, Plaintiff is not an expert qualified to opine as to the use of a carotid hold. Plaintiff's subjective belief as to the use of a "carotid hold" is therefore irrelevant, speculation and/or unreliable. Plaintiff has not genuinely disputed this fact.<br><br>Based thereon, UMF 21 is undisputed. |
| 22. Officer Tonn used his well-reasoned discretion in the amount of force used, which was consistent with the Vallejo Police Department Use of Force Section 300.3.<br>**Evidence:** Ex. C of IOE Vallejo Police Department Use of Force Policy Section 300.3; Ex. B to the IOE Tonn Depo 29: 14-25, 30: 1- | This fact is disputed. Plaintiff was placed in a carotid hold. Dec of Robert Strong para 6 line 9-10<br>Report by Roger Clark | Plaintiff fails to place this item in dispute.<br><br>Plaintiff does not attempt to dispute this fact, but simply reiterates that a "carotid hold" was used. Once again, Plaintiff's reliance on his own declaration is improper expert opinion and is insufficient to place this item in dispute.<br><br>Based thereon, UMF 22 remains undisputed. |
| 23. It was determined that Plaintiff's license was suspended, so Plaintiff's vehicle was towed<br>**Evidence:** Ex. F to IOE Police Report pg. 4. ¶ 2; Ex. A to the IOE Strong Depo 13: 5-25,14: 1-8, 64: 1-4. | This fact is not disputed. | UMF 23 remains undisputed. |
| 24. While at the jail, Plaintiff was read | This fact is not disputed. | UMF 24 remains undisputed. |

| | | |
|---|---|---|
| and understood his Miranda Rights.<br><br>**Evidence:** Ex. H to the IOE Miranda Body Warn Camera Video ("Miranda BWC") 0:39-0:59; Ex. F to IOE Police Report pg. 4. ¶ 2 | | |
| 25. Plaintiff remained agitated and yelled at Officer Tonn while the two spoke in the holding cell.<br>**Evidence:** Ex. H to the IOE Miranda BWC 0:21 – 6:47. | This fact is not disputed but it is not relevant. | This fact is relevant to establish Plaintiff's demeanor throughout the entire interaction. As such, UMF 25 remains undisputed. |
| 26. Officer Tonn explained to Plaintiff the reason that he was stopped was because his registration was expired, his car was not from the neighborhood, and Plaintiff acted "super hostile. Didn't want to listen, yelled, and argued."<br>**Evidence:** Ex. I to the IOE Conversation with Suspect Body worn camera ("Convo with Suspect BWC") 1:25 - | This fact is not disputed. | UMF 26 remains undisputed. |
| 27. Plaintiff believes that police officers sometimes harass people<br><br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 0:50–1:07; Ex. A to the IOE Strong Depo 113: 7-25, 114: 1-19. | This fact is not disputed. | UMF 27 remains undisputed. |

| | | | |
|---|---|---|---|
| | 28. Officer Tonn stated that he doesn't want to be one of those officers that "ends up on Youtube, or fights someone, or does anything he doesn't have to."<br><br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 9:39 – 9:55. | This fact is not disputed. | UMF 28 remains undisputed. |
| | 29. Officer Tonn Stated, "At the same time, I've met nice people that have guns in their car. All sorts of stuff and I can't risk it. You wouldn't listen so I had to cite."<br><br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 9:39 – 9:55. | This fact is not in dispute. | UMF 29 remains undisputed. |
| | 30. Officer Tonn explained to Plaintiff the due to officer safety concerns, Police Officers don't allow phone calls to be made during a stop.<br><br>**Evidence:** Ex. J to IOE Conversation with Suspect and citing out Body Warn Camera ("Conversation and Citing BWC") 0:45 – 1:03. | This fact is not disputed. | UMF 30 remains undisputed. |
| | 31. Plaintiff told Officer Tonn he has anger issues, and has been to anger classes in the | This fact is not in dispute. | UMF 31 remains undisputed. |

| | | |
|---|---|---|
| past.<br><br>**Evidence:** Ex. A to the IOE Strong Depo 81: 6-25; Ex. I to the IOE Convo with Suspect BWC 10:10-10:30. | | |
| 32. Plaintiff told Officer Tonn that he has trouble with listening to people.<br><br>**Evidence:** Ex. I to the IOE Convo with Suspect BWC 3:40 – 4:11; Ex. J to the IOE Conversation and Citing BWC 3:30 – 4:10, 4:53. | This fact is not in dispute. | UMF 32 remains undisputed. |
| 33. Plaintiff received a citation for violation of PC 148(a)(1) and VC 14601.1 and was released from the Vallejo Police Department<br><br>**Evidence:** Ex. J to the IOE Conversation and Citing BWC 6:48 – 16:27; Ex. F to IOE Police Report pg. 4. ¶ 3 pg 6. | This fact is not in dispute. | UMF 33 remains undisputed. |
| 34. Officer Tonn wrote the narrative police report for the arrest.<br>**Evidence:** Ex. B to the IOE Tonn Depo 17:13-25, 18:1-15. | This fact is not in dispute. | UMF 34 remains undisputed. |

Dated:  May 22, 2020                                    PORTER SCOTT
                                                        A PROFESSIONAL CORPORATION

                                                        By /s/ John R. Whitefleet_____
                                                             John R. Whitefleet
                                                             Attorneys for Defendants

{02212842.DOCX}                                12

DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS