**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
Kavan J. Jeppson, SBN 327547
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT**

| | |
|---|---|
| ROBERT STRONG, | Case No.: 2:18-CV-01246-WBS-AC |
| Plaintiff, | **DEFENDANTS' OBJECTIONS TO EVIDENCE IN SUPPORT OF ITS REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT** |
| vs. | |
| CITY OF VALLEJO, JARRETT TONN; ANDREW BIDOU, and DOE VALLEJO POLICE OFFICER, | |
| | Date: June 1, 2020 |
| | Time: 1:30 p.m. |
| Defendants, | Courtroom: 5, 14th Floor |
| _____/ | |

Defendants hereby submit the following objections to Plaintiff's Evidence in support of Plaintiff's Opposition to the Defendants' Motion for Summary Judgment.

///

///

///

{02212210.DOCX}   1
DEFENDANTS' OBJECTION TO EVIDENCE IN SUPPORT OF ITS REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## OBJECTION TO REPORT OF ROGER CLARK

Defendants object to the entirety of Plaintiff's submission and use of the report by Roger Clark ("Clark Dec.") in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgement (Opposition, 3:9-24, 4:1-5).

### Grounds for Objection

Statements included in the report of a proffered expert are hearsay falling under no exception to the hearsay rule. See *Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay the report of an expert because it was not a business record, or a record of events made at or near the time of the event, or a record involving the proponent's regularly conducted business, or a public record, or a prior consistent statement because it was not offered to rebut a charge of recent fabrication or improper motive, or an adoptive admission because it was not offered against the party who adopted it, or the basis for the expert's opinion because "the report is his opinion"); see also *Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 U.S. Dist. Lexis 7535, *19-20 (S.D.N.Y. 2003) ("The written report[] of any expert expected to testify for either the [plaintiffs] or [defendant] is hereby excluded as inadmissible hearsay."); *Herrin v. Ensco Offshore Co.*, 2002 U.S. Dist. Lexis 5744, *6-7 (E.D. La. 2002) (sustaining plaintiff's objections to defendant's proffer of two expert reports as trial exhibits on grounds of hearsay). An expert "may testify about . . . things in the report, but the report itself is inadmissible." *Ake*, 942 F.Supp. at 877-78; see also *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994) ("Rule 702 permits the admission of expert opinion testimony not opinions contained in documents prepared out of court.") (citing Fed. R. Evid. 702) (emphasis in original*); Law v. National Collegiate Athletic Association*, 185 F.R.D. 324, 341-42 (D. Kan. 1999) (excluding from trial a testifying expert's written report, and noting that "an expert's written report is generally inadmissible").

**RULING:** _____ **Sustained**     _____ **Overruled**

# OBJECTION TO DECLARATION OF ROGER CLARK

## OBJECTION NO. 1

**Evidence:** Opposition pg. 3: 9-13; Clark Dec. Opinion # 1 at pg. 13.

"Plaintiffs' Police Practices Expert, Mr. Roger Clark, opined that Defendant Tonn used excessive force since Mr. Strong was non-combative, there was no justification for any further use of any physical force that Officer Tonn placed his knee on the back of Mr. Strong's head and forced Mr. Strong's face into the rough asphalt, while Mr. Strong was piled upon by Officer Tonn."

**Grounds:** Federal Rules of Evidence ("F.R.Evid.") 401, 602, 702; Lacks Foundation, Reliability, Personal Knowledge, Improper Expert Opinion, Relevance, Calls for Speculation.

Page 3, Lines 9-13 of Plaintiff's Opposition and Clark Dec. Opinion # 1 should be excluded as it is unreliable and irrelevant under F.R.Evid. 702 and 401, lacks foundation, and calls for speculation. F.R.Evid. 702 requires expert opinions to be based on sufficient facts and data, and to be a product of reliable principles and methods. Expert opinions must likewise be relevant under both 702 and 401. F.R.Evid. 702 and 401. Under 702, evidence is relevant where it assists the trier of fact in understanding or determining a fact in issue. *See Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (*citing Daubert v. Merrell Dow Pharm.,* 509 U.S. 579, 591-592 (1993)). Evidence is not relevant if it includes "unsubstantiated speculation and subjective beliefs." *Gutterglove, Inc. v. American Die and Rollforming, Inc.,* 2018 WL 2356756 at *4 (E.D. Cal. May 24, 2018) (citing *Id.*).

Roger Clark has no personal knowledge of this incident, as addressed in his declaration, "taking Mr. Strong's set of facts as true." Moreover, Roger Clark's assertion that Officer Tonn used excessive force is not based on sufficient facts and data, nor is it the product of reliable principles and methods, as required by 702. Instead, Clark's assertion calls for an unsubstantiated speculation and merely offers his subjective beliefs on the force used. *See Trujillo v. First Am. Registry, Inc*. (2008) 157 Cal. App. 4th 628, 635 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation"). Therefore, Roger Clark's opinion # 1 should be excluded.

**RULING:** _____ **Sustained**   _____ **Overruled**

**OBJECTION NO. 2**

**Evidence:** Opposition pg. 3: 14-19; Clark Dec. Opinion # 3 at pg. 15.

"Mr. Clark further opined that given the quality/completeness of the Vallejo Police department's use of force investigation conducted in this incident (that it was justified) vis-avis the apparent excessive use of force as indicated by Mr. Strong's (Plaintiff's) numerous and obvious injuries, that the customs and practices of the Vallejo Police Department encourage their Officers to ignore POST standards and use excessive force. As such, their collective approval of these tactics puts the general public at unnecessary future risk of death."

**Grounds:** F.R.Evid. 401, 602, 702; Lacks Foundation, Reliability, Personal Knowledge, Improper Expert Opinion, Relevance, Calls for Speculation.

Page 3, Lines 14-19 of Plaintiff's Opposition and Clark Dec. Opinion # 3 should be excluded as improper expert opinion for the same reasons stated above. Additionally, Clark fails to provide any proof or personal knowledge as to any of the alleged customs and practices that encourage Vallejo Police Department Officers to ignore POST standards and use excessive force, and thus these statements are conclusory, argumentative, irrelevant, and speculative. As such, Clark's opinions should be excluded.

**RULING:** _____ Sustained        _____ Overruled

**OBJECTION NO. 3**

**Evidence:** Opposition pg. 3: 20-23; Clark Dec. Opinion # 4 at pg. 15.

"Mr. Clark also opined that after the Plaintiff was pulled from his car by his hair, choked, and pinned to the ground, it should have been clear to Officer Tonn that Mr. Strong was not a threat to him, which should have prompted a different approach then the force that was used."

**Grounds:** F.R.Evid. 401, 602, 702; Lacks Foundation, Reliability, Personal Knowledge, Improper Expert Opinion, Relevance, Calls for Speculation.

Page 3, Lines 20-23 of Plaintiff's Opposition and Clark Dec. Opinion # 4 should be excluded as improper expert opinion for the same reasons stated above.

**RULING:** _____ Sustained        _____ Overruled

## OBJECTION NO. 4

**Evidence:** Opposition pgs. 3: 23-24, 4: 1-2; Clark Dec. Opinion # 6 at pg. 17.

"Mr. Clark also opined that after the Plaintiff was pulled from his car by his hair, choked, and pinned to the ground, it should have been clear to Officer Tonn that Mr. Strong was not a threat to him, which should have prompted a different approach then the force that was used."

**Grounds:** F.R.Evid. 401, 602, 702; Lacks Foundation, Reliability, Personal Knowledge, Improper Expert Opinion, Relevance, Calls for Speculation.

Page 3 lines 23-24, Page 4 lines 1-2 of Plaintiff's Opposition, and Clark Dec. Opinion # 6 should be excluded as improper expert opinion for the same reasons stated above.

**RULING:**        _____ Sustained        _____ Overruled

## OBJECTION NO. 5

**Evidence:** Opposition pg 4: 2-5; Clark Dec. Opinion # 6 at pg. 17.

"The fact that Mr. Strong struggled to breath, while Officer Tonn had his arm around Mr. Strong's neck required Officer Tonn to notify medical, and his failure to abide by written policy placed the Plaintiff at risk of serious injury and/or death.

**Grounds:** F.R.Evid. 401, 602, 702; Lacks Foundation, Reliability, Personal Knowledge, Improper Expert Opinion, Relevance, Calls for Speculation.

Page 4, lines 2-5 of Plaintiff's Opposition and Clark Dec. Opinion # 6 should be excluded as improper expert opinion for the same reasons stated above.

**RULING:**        _____ Sustained        _____ Overruled

## OBJECTION TO DECLARATION OF ROBERT STRONG

Defendants object to Plaintiff's submission and use of the Declaration of Robert Strong ("Strong Dec.") in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgement (Document No. 20-2).

## OBJECTION NO. 1

**Evidence:** Strong Dec. pg. 2:2

1  "That I never testified in my deposition that the area where the incident took place was a high crime area."

**Grounds:** F.R.Evid. 401, 602; Relevance, Lacks Foundation.

Strong Dec. 2 should be excluded as it is unreliable, irrelevant, and lacks foundation. Strong's assertion that he never testified that the area surrounding Lassen Street and Glenwood Street is considered a high crime area is irrelevant. Plaintiff's subjective understanding or interpretation of the crime level of the area should be disregarded. There is no evidence to suggest that Plaintiff has a sufficient foundation as to testify to whether the area surrounding Lassen Street and Glenwood Street is considered a high crime area.

**RULING:** _____ Sustained     _____ Overruled

### OBJECTION NO. 2

**Evidence:** Strong Dec. pg. 2:3

"That when Tonn initially seen me, I was walking to my car and was not inside of it initially."

**Grounds:** F.R.Evid. 401, 1002; Relevance, Best Evidence Rule.

Plaintiff uses this statement to try to dispute Defendants' UMF No. 3, which states, "Officer Tonn observed Plaintiff sitting in the driver's seat of his car on Glenwood Street." As such, Plaintiff's declaration is irrelevant to dispute this fact, and Plaintiff's insertion of the unrelated fact that he "was walking to my car and was not inside of it initially" does not place Defendants' face in dispute. Moreover, the body-camera evidence clearly shows Plaintiff sitting in his vehicle when Officer Tonn approaches the vehicle. Thus, this statement should be excluded for being irrelevant and wholly immaterial.

**RULING:** _____ Sustained     _____ Overruled

### OBJECTION NO. 3

**Evidence:** Strong Dec. pg. 2: 5

"That I never twisted my body from Tonn. I simply tried to avoid him seizing my phone without a warrant."

**Grounds:** F.R.Evid. 801, 1002; Hearsay, Best Evidence Rule.

1   This self-serving statement is contradictory. Moreover, such statement is clearly contrary to the evidence depicted on Officer Tonn's body-worn camera showing Plaintiff twist and pull away from the officer when he attempts to grab the phone. As such, the video footage is the best evidence regarding whether Plaintiff pulled away from Officer Tonn, and this statement should be excluded.

**RULING:**          _____ **Sustained**          _____ **Overruled**

### OBJECTION NO. 4

**Evidence:**    Strong Dec. pg. 2: 6

"That upon being pulled out of my car by Tonn, I was placed in a carotid hold, which prevented from being able to breathe."

**Grounds:**    F.R.Evid. 401, 402, and 702; Relevance, Lack of Foundation, Speculation, Improper Expert Opinion.

Strong Dec. 6 should be excluded as improper expert opinion. Plaintiff lacks foundation and the expertise to determine whether a "carotid hold" was performed. Plaintiff is not a police practices expert and cannot self-evaluate that he was specifically placed in a "carotid hold." In Plaintiff's deposition, he never once categorized the hold as a "carotid hold" and Plaintiff is not qualified to opine as such. Plaintiff's subjective belief as to the use of a "carotid hold" is therefore irrelevant, speculation and/or unreliable.

**RULING:**          _____ **Sustained**          _____ **Overruled**

### OBJECTION NO. 5

**Evidence:**    Strong Dec. pg. 2: 7

"That I was not initially able to place my hands behind my back because I was placed in a choke hold by Tonn."

**Grounds:**    F.R.Evid. 801, 1002; Hearsay, Best Evidence Rule.

Plaintiff provides another self-serving hearsay statement. Moreover, Plaintiff's own cellphone footage depicts himself holding the phone once on the ground, when the alleged "choke" hold is taking place. Plaintiff continues to record the interaction and refuses to put his hands behind his back, despite being told to do so. Plaintiff continues to hold the phone on the ground until Officer Tonn has to knock

the phone out of Plaintiff's hand. As such, the video footage is the best evidence regarding whether Plaintiff was able to place his hands behind his back, and this statement should be excluded.

**RULING:** _____ **Sustained** _____ **Overruled**

Dated:  May 22, 2020

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ *John R. Whitefleet*_____
    John R. Whitefleet
    Kavan J. Jeppson
    Attorneys for Defendant