STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff Robert Strong

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT STRONG; | CASE NO.: 2:18-cv-01246-WBS-AC |
|---|---|
| Plaintiffs, | |
| v. | PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT |
| CITY OF VALLEJO, JARRETT TONN, ANDREW BIDOU and DOE VALLEJO POLICE OFFICERS 1-25; | DATE: June 1, 2020<br>TIME: 1:30 p.m.<br>CTRM: 5, 14TH Floor |
| Defendants | |

1

| Plaintiff's Undisputed Facts & Supporting Evidence | Defendants' Response to Plaintiff's Undisputed Facts & Supporting Evidence | Plaintiff's Responses to Defendants' Responses |
|---|---|---|
| 1. Defendant Tonn placed the Plaintiff in a carotid hold.<br><br>1. Defendant Response to Plaintiff's request for Admissions. Pg.4 lines 5-12, exh "4" Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. | Disputed as argumentative, incomplete and misstates the evidence. As expressly stated Officer Tonn denies actually applying pressure to Plaintiffs neck, and thus was an incomplete or imperfect carotid hold<br>Officer Tonn Testimony: He placed his arm around Plaintiffs neck to gain control, but a completed carotid hold requires the application of pressure to the individual's neck/carotid arteries, which did not occur in this incident. Officer Tonn did not actually apply the pressure to the carotid arties of Plaintiff necessary that would cause an individual to lose consciousness within seconds.<br><br>Don Cameron Testimony: Don Cameron testified that Officer Tonn did not use a carotid hold. This was supported by the fact that Plaintiff never lost consciousness, and Plaintiff was able to talk and yell clearly during the entire struggle. He further testified that a carotid hold applied with pressure would leave someone unconscious within 3-8 seconds. Don Cameron testified that the hold that Tonn | Defendants fail to place this item in dispute. This fact does not misstate the evidence. Officer Tonn's self-serving testimony that he did not place pressure to the Plaintiff's neck or the inference that he did not place the Plaintiff in a properly applied carotid hold does not invalidate his admission that he placed the Plaintiff in a carotid hold. . Defendant Response to Plaintiff's request for Admissions. Pg.4 lines 5-12, exh "4" Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell |

2

| | | |
|---|---|---|
| | placed Plaintiff in was a control hold. Roger Clark Testimony: Roger Clark testified if a carotid hold had been performed correctly, Plaintiff would have been unconscious within seconds. In a proper carotid hold, Plaintiff would not be able to speak. A proper carotid hold requires squeezing the three structures on each side of the neck (vagus nerve, jugular vein, carotid artery) which starves the brain of oxygen causing the individual to pass out within seconds. Video Footage: The video footage shows Officer Tonn pull Plaintiff from the vehicle and place his arm around Plaintiffs neck in a hold. Throughout the entire hold Plaintiff is conscious, and yelling at the officer. Plaintiffs ability to talk and remain conscious during the hold establishes that Plaintiff was not placed into the type of carotid hold that is alleged in the complaint. Evidence: See Defendant's Index of Exhibits to Opposition ("IOE Opp"), Exhibit ("Ex.") B, Tonn Depo. Pgs. 15:1-25, 16: 1-25, 17, 1-25, 18: 1-23, 19: 1-12; Ex. C to the IOE Opp. Cameron Depo Pgs. 19: 14-15, 20: 1-16, 21: 12-15; Ex. D to the IOE Opp. Clark Depo Pgs. 26: 6-22, 46: 1-2, 8-24; See Doc. No. 14-2 UMF No. 14-19: (citing Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; | Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. |

3

| | | |
|---|---|---|
| | Strong Depo 55:3-6, 56:17-25, 57:1- 12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.) | |
| 2. Plaintiff did not pose a threat of immediate danger or great bodily harm to Jarrett Tonn at the time that he was placed in a carotid hold.<br><br>2. Defendants Depo Transcripts pg. 13 lines 18-23; 26, lines 19-25; 27 lines 1; 29 lines 2-7, exh "1" Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. | 2. Disputed as argumentative insofar as Plaintiff is using a "deadly force" assumptive standard, and thus this fact as presented is immaterial without a determination that the force used should be considered 'deadly', which depends on the facts and circumstances, not as a per se principle. Disputed as to the phrase "that he was placed in a carotid hold" as incomplete in that Officer Tonn did not apply pressure, and thus was an incomplete or imperfect carotid hold. See response to Plaintiffs Undisputed Material Fact No. 1, supra. Disputed as to Plaintiff omits material facts: the traffic stop occurred in a high crime area, and Plaintiff is shown on the video footage refusing to listen, agitated, and uncooperative. Officer Tonn further explained to Plaintiff at the jail that a cellphone poses a threat to officer safety because it allows the suspect to call for backup.<br>Evidence: Citied in response to no 1, supra. Ex. B to the IOE Opp. Tonn Depo pg. 9: 12-25; 10: 1-11; 12: 1-5; 27: 14-25,28:1-25; See Doc. No, 14-2 UMF No. 14-19: | Defendants fail to place this item in dispute and further fail to even address this item.<br>Due to the fact that Tonn admits that he placed the Plaintiff in a carotid hold, the "deadly force" assumptive standard must be applied.<br><br>The evidence (video footage and testimony of Tonn) shows that Plaintiff did not pose a threat of immediate danger or great bodily harm to Jarrett Tonn at the time that he was placed in a carotid hold. Tonn's Depo Transcripts pg. 13 lines 18-23; |

4

| | | |
|---|---|---|
| | (citing Initial Stop BWC 0:50-1:05; Cellphone Video 0:08-0:41; Strong Depo 55:3-6, 56:17-25, 57:1- 12, 122:2-13; TonnDepo 18:2-15, 19: 15-23.) | 26, lines 19-25; 27 lines 1; 29 lines 2-7, exh "1" Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. |
| 3. Plaintiff did not offer resistance or attempt to flee during the incident.<br><br>3. Defendants Depo Transcripts pg. 13 lines 18-23; 26, lines 19-25; 27 lines 1; 29 lines 2-7; 20 lines 8-14, exh "1' Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. | 3. Disputed as phrased as conclusory, compound, and unsupported by the evidence cited. It is further disputed in fact. As Officer Tonn attempted to take the phone, Plaintiff pulled away and leaned into the center of his vehicle. After Plaintiff was extracted from the vehicle he continued to hold the phone in his hand despite repeated attempts to drop the phone. Once on the ground, Officer Tonn had to repeatedly tell Plaintiff to put his hands behind his back so that he could be detained in handcuffs. Evidence: Ex A to the IOE Opp. Strong Depo 55: 3-6; 56: 17-25,57: 1-12, 83:1-7, 120: 19-25; Ex. B to the IOE Opp. Tonn Depo 9:12-25, 10: 1-11; 11: 19-25; 12: 15-25. See Doc. No. 14-2 UMF No. 1, 14-19; See also, Initial Stop Body Cam 0:09-0:25; 0:41-01:05, Police Report pg. 3. f 5; | Defendants fail to place this item in dispute.<br><br>Defendant Tonn specifically testified under oath at numerous times during his deposition that the Plaintiff did not engage in any resistance as he was being pulled out of his car and the video evidence support this testimony. Defendants Depo Transcripts pg. 13 lines 18-23; 26, lines 19-25; 27 lines 1; 29 lines 2-7; 20 |

5

| | | |
|---|---|---|
| | Robert Strong's Cellphone video 0:00-0:10; 0:21-0:25. | lines 8-14, exh "1" Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. |
| 4 Plaintiffs crime at the time that force was used was not severe because it was only for having expired registration.<br><br>4. Defendants Depo Transcripts pg. 14 lines 17-20, exh "1" Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. | 4. Disputed as phrased, and vague as to timing. "Severe" crime is vague. The expired registration was the basis for the stop. Plaintiffs conduct after the stop was what led to the misdemeanor resisting Evidence: Ex. A to the IOE Opp. Strong Depo pgs. 13:5- 25,14: 1-8.charge. Ultimately, Plaintiff was arrested for interfering and obstructing with Officer Tonn's traffic stop investigation and driving on a suspended license. Plaintiff cites to Officer Tonn's Deposition (Page 14, lines 17-20) which refers to Plaintiffs citation for misdemeanor resisting and driving on a suspended license, not the expired registration. Evidence: Ex. A to the IOE Opp. Strong Depo pgs. 13:5- 25,14: 1-8. Ex B. to the IOE Opp. Tonn Depo pgs. 14: 17- 20; See Doc. No. 14-2 UMF No. 1, 14-19: (citing Police Report pg. 3 ^ 2; Initial Stop BWC 0:50- 1:05; Cellphone Video 0:08- | Defendants fail to place this item in dispute.<br><br>The term "Severe" crime is not vague as to timing or for purposes of evaluating whether Tonn engaged in excessive force. Further, even if this analysis was to begin after the stop as Defendants suggest, the fact that Plaintiff was ultimately cited for violating penal code section 148, such a misdemeanor charge in the 9th |

| | | | |
|---|---|---|---|
| | | 0:41; Strong Depo 55:3-6, 56:17-25, 57:1-12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.)_____ | Circuit, is not considered a severe crime for purposes of conducting an excessive force analysis. (*Young v. County of L.A.*, 655 F.3d 1156, 1164 (9th Cir. 2012) |
| | 5. Defendant Jarrett Tonn never issued a warning before placing the Plaintiff in a carotid hold.<br><br>5. Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. | Disputed as immaterial. As discussed above, whether Plaintiff was actually placed in a carotid hold is disputed. See response to No. 1, incorporated herein. Furthermore, Officer Tonn warns Plaintiff "I'm going to take this phone. Put your hands behind your back" before he places. Plaintiff in the hold. Evidence Ex. B to the IOE Opp. Tonn Depo. Pgs. 15:1- 25, 16: 1-25, 17, 1-25, 18: 1-23, 19: 1-12. Ex. C to the IOE Opp. Cameron Depo Pgs. 19: 14-15,20: 1-16,21: 12-15; Ex. D to the IOE Opp. Clark Depo Pgs. 26: 6- 22, 46: 1-2, 8-24; See Doc. No. 14-2 UMF No. 14-19: (citing Police Report pg. 3 2; Initial Stop BWC 0:50- 1:05; Cellphone Video 0:08-0:41; Strong Depo 55:3-6, 56:17-25, 57:1-12, 122:2-13; Tonn Depo 18:2-15, 19: 15-23.) | Defendants fail to place this item in dispute and further fail to even address this item.<br><br>This item of evidence is definitely material. Plaintiff was in fact placed in a carotid hold and no warning was issued by Tonn before this method of lethal force was used. Defendant Response to Plaintiff's request for Admissions. Pg.4 lines 5-12, exh "4" Body CamVideo Footage. 00:00- |

| | | |
|---|---|---|
| | | 01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl. |

DATED: May 24, 2020   LAW OFFICE OF STANLEY GOFF
                       /s/ Stanley Goff
                      ───────────────────────

                       Stanley Goff
                       Attorney for Plaintiff Robert Strong