STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff Robert Strong

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STRONG;<br><br>    Plaintiffs,<br><br>v.<br><br><br>CITY OF VALLEJO, JARRETT TONN, ANDREW BIDOU and DOE VALLEJO POLICE OFFICERS 1-25;<br><br>    Defendants | CASE NO.:  2:18-cv-01246-WBS-AC<br><br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF ITS REPLY TO DEFENDANTS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**<br><br>**Date: June 1, 2020**<br>**Time: 1:30 p.m.**<br>**Courtroom: 5, 14th Floor** |

Plaintiff hereby submits the following objections to Defendants' Evidence in support of Defendants' Opposition to the Plaintiff's Motion for Summary Judgment.

///

## OBJECTION TO TESTIMONY OF DON CAMERON

**OBJECTION NO. 1**

Evidence:  Cameron Depo Pgs. 19: 14-15, 20: 1-16, 21: 12-15

"Defendants'' Police Practices Expert, Mr. Don Cameron testified that Officer Tonn did not use a carotid hold, which was supported by the fact that Plaintiff never lost consciousness, and Plaintiff was able to talk and yell clearly during the entire struggle. He further testified that a carotid hold applied with pressure would leave someone unconscious within 3-8 seconds. Don Cameron testified that the hold that Tonn placed Plaintiff in was a control hold. Grounds:  Federal Rules of Evidence ("F.R.Evid.") 401, 602, 702; Lacks Foundation, Reliability, Personal Knowledge, Improper Expert Opinion, Relevance, Calls for Speculation. This item of evidence should be excluded as it is unreliable and irrelevant under F.R.Evid. 702 and 401, lacks foundation, and calls for speculation.  F.R.Evid. 702 requires expert opinions to be based on sufficient facts and data, and to be a product of reliable principles and methods. Expert opinions must likewise be relevant under both 702 and 401. F.R.Evid. 702 and 401. Under 702, evidence is relevant where it assists the trier of fact in understanding or determining a fact in issue. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (citing *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 591-592 (1993)). Evidence is not relevant if it includes "unsubstantiated speculation and subjective beliefs." *Gutterglove, Inc. v. American Die and Rollforming, Inc*., 2018 WL 2356756 at *4 (E.D. Cal. May 24, 2018).  Don Cameron has no personal knowledge of this incident, as he was not at the scene at the time of the incident. Moreover, Don Cameron's assertion that Officer Tonn did not use excessive force is not based on sufficient facts and data, nor is it the product of reliable principles and methods, as required by 702. Instead, this expert witness's assertion calls for an

unsubstantiated speculation and merely offers his subjective beliefs on the force used. See *Trujillo v. First Am. Registry, Inc.* (2008) 157 Cal. App. 4th 628, 635 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation"). Therefore, this testimony presented by the Defendants should be excluded.

RULING:               _____ Sustained               _____ Overruled

## OBJECTION TO TESTIMONY OF DEFENDANT TONN

## OBJECTION NO. 2

Evidence: Exhibit B, Tonn Depo. Pgs. 15:1-25, 16: 1-25, 17, 1-25, 18: 1-23, 19: 1-12

Defendant Tonn testified that he never placed the Plaintiff in a carotid hold. He denies actually applying pressure to Plaintiffs neck, and thus was an incomplete or imperfect carotid hold. Grounds: This self-serving statement is contradictory and in violation of the Best Evidence Rule: The Defendants Response to Plaintiff's Request for Admissions clearly admits that the Defendant did in fact place the Plaintiff in a carotid hold. Thus, this admission has a binding effect on all parties. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b) (2007). Rule 36 "give[s] an admission a conclusively binding effect for purposes only of the pending action, unless the admission is withdrawn or amended. See *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465 F.3d 1102, 1112 (9th Cir. 2006) ("the court and parties are bound by such admissions, which cannot be 'ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more

1 credible'" (citation omitted)).With regard to pleadings, as a general proposition, "[u]nder federal law, stipulations and admission in the pleadings are generally binding on the parties and the Court. Not only are such admission and stipulations bindin before the trial court, but they are binding on appeal as well." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988) (quoting *Ferguson v. Neighborhood Housing Servs.*, 780 F.2d 549, 551 (6th Cir. 1986) (citations omitted)).

Moreover, such statement is clearly contrary to the evidence depicted on Officer Tonn's body-worn camera and the Plaintiff's cell phone showing Plaintiff being placed in a carotid hold and having to labor to breathe. As such, the Defendants Response to Plaintiff's Request for Admissions and the Plaintiff's and Tonn's video footage is the best evidence regarding whether Officer Tonn placed the Plaintiff in a carotid hold, and this evidence should be excluded.

RULING: _____ Sustained       _____ Overruled

# **OBJECTION TO TESTIMONY OF DEFENDANT TONN**

**OBJECTION NO. 3**

Evidence: Tonn Depo pg. 9: 12-25; 10: 1-11; 12: 1-5; 27: 14-25,28:1-25

Tonn testified that the Plaintiff posed an immediate threat of danger or great bodily harm to him due to the fact that the traffic stop occurred in a high crime area, and Plaintiff is shown on the video footage refusing to listen, agitated, and uncooperative.

Grounds: This evidence is contradictory and in violation of the Best Evidence Rule: This evidence is clearly contrary to the evidence depicted on Officer Tonn's body-worn camera and the Plaintiff's cell phone showing Plaintiff's interaction with the officer. Although annoyed by Defendant Tonn, the Plaintiff did not pose any immediate threat of danger or great bodily harm to the Defendant. As such, the Plaintiff's and Tonn's video footage is the best evidence regarding whether Plaintiff posed any immediate threat of danger or great bodily harm to the Defendant, and this evidence should be excluded.

RULING:               _____ Sustained               _____ Overruled

# **OBJECTION TO TESTIMONY OF DEFENDANT TONN**

**OBJECTION NO. 4**

Evidence: Ex. B Tonn Depo. Pgs. 15:1- 25, 16: 1-25, 17, 1-25, 18: 1-23, 19: 1-12.

The Defendant attempts to present evidence that Officer Tonn warned the Plaintiff "I'm going to take this phone. Put your hands behind your back" before he placed Plaintiff in the carotid hold. Grounds: This evidence is contradictory and in violation of the Best Evidence Rule: This evidence is clearly contrary to the evidence depicted on Officer Tonn's body-worn camera and the Plaintiff's cell phone showing Plaintiff's interaction with the officer. The video footage clearly shows that Defendant Tonn never issued a warning before placing the Plaintiff in a carotid hold. As such, the Plaintiff's and Tonn's video footage is the best evidence regarding whether Plaintiff posed any immediate threat of danger or great bodily harm to the Defendant, and this evidence should be excluded.

RULING: _____ Sustained     _____ Overruled

Dated: May 24, 2020

                                                         /S/ STANLEY GOFF

                                                         Attorney for Plaintiff Robert Strong