1  STANLEY GOFF (Bar No. 289564)
   LAW OFFICE OF STANLEY GOFF
2  15 Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4

5  Attorneys for Plaintiff Robert Strong

6              UNITED STATES DISTRICT COURT

7            EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| ROBERT STRONG; | CASE NO.:  2:18-cv-01246-WBS-AC |
| Plaintiffs, | |
| | **PLAINTIFF'S OPPOSITON TO DEFNDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING STATE CAUSES OF ACTION AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| CITY OF VALLEJO, JARRETT TONN, ANDREW BIDOU and DOE VALLEJO POLICE OFFICERS 1-25; | **DATE: June 1, 2020 TIME: 1:30 p.m. CTRM: 5** |
| Defendants | |

***Related State Law Claims***

Plaintiff asserts three state law claims against the Defendant for negligence, violation of California Civil Code § 52.1(b) ("Bane Act"), and battery.  The Defendants argue that summary judgment is appropriate because there is no evidence that Defendant Tonn's use of force was unreasonable.

Here, the Plaintiff has shown that there are ***questions of material fact*** that preclude summary judgment on the state law claims. Like excessive force, to prove a claim of assault or battery against a police officer under California law, a plaintiff must show that the officer's use of force was unreasonable. (*Olvera v. City of Modesto* CASE NO. 1:11-CV-00540-AWI-GSA, at *4 (E.D. Cal. Feb. 12, 2015); *Heinke v. Cnty. of Tehama Sheriff's Dept.* NO. CIV. S-12-2433 LKK/KJN, at *13 (E.D. Cal. Jul. 31, 2013)  ( both citing *Holland v. City* of SF, No. C10-2603 TEH, 2013 WL 968295, at *4 (N.D. Cal. Mar. 12, 2013) (citing *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998)).

 Similarly, "[t]he elements of a section 52.1 excessive force claim are essentially identical to those of a § 1983 excessive force claim. Thus, where a plaintiff's claims under the federal and state constitutions are coextensive, the discussion of a plaintiff's federal constitutional claim resolves both the federal and state constitutional claims." *Malott v. Placer Cnty*. No. 2:14-CV-1040 KJM EFB (E.D. Cal. Nov. 14, 2014) (citing *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009).  To prevail on the negligence claim, a plaintiff must show that an officer's conduct was unreasonable under the circumstances. Cal. Gov't Code § 820.4; *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 537-38 (2009).

***Officer Tonn's Conduct Was Unreasonable***

Here, Defendant Tonn initially stopped the Plaintiff for having an expired registration tag(s) on his car (a citable offense) (Body Cam Video Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl.)  The Plaintiff was subsequently arrested for not getting off his cell phone when he was commanded to do so, which does not constitute a severe crime. (*Young v. County of L.A.*, 655 F.3d 1156, 1164 (9th Cir. 2012).

Plaintiff was ultimately cited for violating Penal Code Section 148. Such a misdemeanor charge in the 9th Circuit is not considered a severe crime for purposes of conducting an excessive force analysis. (*Young v. County of L.A.*, 655 F.3d 1156, 1164 (9th Cir. 2012) (Body Cam Video Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl.

Next, Defendant Tonn placed the Plaintiff in a carotid hold, (Defendant's Response to Request for Admissions, exh "4" to Stanley Goff Decl.) even though the video footage shows that the Plaintiff did not pose ***any*** imminent threat to Tonn to warrant the use of such force. Body CamVideo Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl.)

The Plaintiff was taken to the ground without provocation, did not offer any resistance while being taken to the ground and was then placed in a carotid hold (choke hold) causing the Plaintiff extreme pain and distress and preventing him from being able to breathe. (Body Cam Video Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl.)

Also, the Plaintiff did not engage in any resistance as he was being pulled out of his car. (Body Cam Video Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl.)

Lastly, Defendant Tonn did not issue a warning before he used this level of force even though it was feasible to issue such a warning. (Body Cam Video Footage. 00:00-01:11, exh"2", Plaintiff's Cell Phone Cam Video Footage. 00:00-01:24, exh "3" to Stanley Goff Decl.) *See Brewer v. City of Napa*, 210 F.3d 1093, 1094-1095 (9th Cir. 2000) (police officer gave warning before setting dog on suspect); *Vera Cruz*, 139 F.3d at 660 (same); *Headwaters Forest*, 240 F.3d at 1193-94 (police warned protesters before use of pepper spray) and that the giving of a warning or the failure to do so is a factor to be considered in applying the *Graham* balancing test.

Thus, viewing the facts in a light most favorable to the Plaintiff, genuine questions of material fact remain pertaining to the reasonableness of Defendant Tonn's use of force under the circumstances, which requires that summary judgment be denied as to the state law causes of action as well.

***Intentional Infliction of Emotional Distress***

At this time, Plaintiff dismisses his state claim for intentional infliction of emotional distress.

## CONCLUSION

The Court should Deny the Defendants Motion for Summary Judgment regarding the state causes of action.

Dated: June 24, 2020

 /S/ STANLEY GOFF

Attorney for Plaintiff Robert Strong

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23