RANDY J. RISNER
Interim City Attorney, SBN 172552
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

**P O R T E R  |  S C O T T**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
Kavan J. Jeppson, SBN 327547
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, ANDREW BIDOU, JARRETT TONN

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT

| | |
|---|---|
| ROBERT STRONG,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CITY OF VALLEJO, JARRETT TONN;<br>ANDREW BIDOU, and DOE VALLEJO<br>POLICE OFFICER,<br><br>                    Defendants,<br>_____/ | Case No.: 2:18-CV-01246-WBS-AC<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  June 1, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor |

Defendants City of Vallejo ("City") and Jarrett Tonn hereby submit the following Reply to Plaintiff's Supplemental Opposition to its Motion for Summary Judgment.

///

///

{02232571.DOCX}                                          1
DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

I.

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS

Defendants moved for summary judgment on Plaintiff's claims for negligence, violation of California Civil Code § 52.1(b) ("Bane Act"), and battery based on the reasonableness of Officer Tonn's conduct. In Opposition, Plaintiff wholly failed to address these claims.

Plaintiff now contends in his Supplemental Opposition ("Supp.") that summary judgement is not proper as to these claims, yet, once again, fails to address the merits of the state law claims. Plaintiff's Supp. attempts to serve as a "catch all" opposition, whereas Plaintiff relies on the same arguments put forth in his excessive force claim for relief to establish his state law claims without actually addressing the state law claims. Accordingly, the motion for summary judgement as to these claims should be granted.

II.

## PLAINTIFF CANNOT ESTABLISH THAT OFFICER TONN'S CONDUCT WAS UNREASONABLE

Plaintiff relies heavily on the case, *Young v. County of L.A.*, 655 F.3d 1156 (9th Cir. 2012), to support his contention that Officer Tonn's conduct was unreasonable. The case of *Young v. County of LA* is factually dissimilar to the subject matter, involving the use pepper spray and multiple baton blows after a seatbelt violation traffic stop. *Id.* at 1160. Moreover, Officer Wells conceded that Young, "posed no physical threat to him prior to his use of pepper spray, nor that he reasonably or unreasonably feared such a threat." *Id.*

The Court found Officer Wells' use of pepper spray and baton strikes unreasonable and stated, "when a suspect's disobedience of a police officer takes the form of passive noncompliance that creates a minimal disturbance and indicates no threat, immediate or otherwise, to the officer or others, it will not, without more, give rise to a governmental interest in the use of significant force." *Id.* at 1165. The Court found that Officer Wells could have used less intrusive means before using force when Young refused to follow Officer Wells' orders. *Id.* at 1165-1166. The Court stated Officer Wells "could have warned Young that he would be placed under arrest if he did not comply with the order; he could have warned Young that disobedience would lead Wells to use force against him; he could have simply begun to effect Young's arrest by attempting to handcuff him; or he could have called for assistance as he apparently did in order to summon Berk to the scene. Wells chose none of these options, thus bypassing a variety of less painful

DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1   and potentially injurious measures that would have been both feasible and reasonable under the

2   circumstances." *Id.*

3       Notwithstanding the factual dissimilarities between *Young* and the current matter, the Court's

4   analysis on use of less intrusive means before use of force actually comports with Officer Tonn's conduct

5   in this matter. Here, Officer Tonn perceived a threat from Plaintiff due to Plaintiff's refusal to follow

6   orders, his furtive movements in the car, and the surrounding the high crime area. (See Defendants'

7   Undisputed Material Facts Document No. 14-2 "UMF" Nos. 2, 9, 10, 11, 26).  Officer Tonn calmly told

8   Plaintiff, "You don't get to make a call, put your phone down." (UMF Nos. 10, 11). Officer Tonn radioed

9   for backup officers to respond for his safety. (UMF No. 16).  Officer Tonn told Plaintiff he was going to

10  take his phone, and then began to effectuate Plaintiff's detention by attempting to handcuff Plaintiff. (UMF

11  Nos. 11-14). Lastly, Officer Tonn never once struck Plaintiff with his fists, or used any weapons to strike

12  Plaintiff. (UMF Nos. 17-21). Therefore, Officer Tonn's decision to use less intrusive means before using

13  force aligns with the reasonableness analysis laid out by the Court in *Young v. County of LA*. 655 F.3d

14  1156, 116-1166 (9th Cir. 2012).

15      As to the use of the carotid-type hold, Plaintiff continuously mischaracterizes Officer Tonn's

16  response in his request for admission in an attempt to establish that a true carotid hold was used. (Supp. 3

17  ¶¶ 5-6). Plaintiff states "Defendant Tonn placed the Plaintiff in a carotid hold." (*Id.*) However, Plaintiff

18  once again conveniently fails to provide the entire response which states Officer Tonn "did not apply

19  pressure to 'choke' Plaintiff in a choke hold." (See Defendant Tonn's Response to Request for Admission

20  No. 10; see also Plaintiff's Exh. "4"). Additionally, Plaintiff alleges that he "did not pose any imminent

21  threat to Tonn" (Supp. 3 ¶ 7). The Ninth Circuit has held, "If a person is armed or reasonably suspected

22  of being armed, a furtive movement, harrowing gesture, or serious verbal threat might create an immediate

23  threat." *George v. Morris*, 724 F.3d 1191, 1200 (9th Cir. 2013) (internal citations omitted.)  Officer Tonn

24  explicitly explained to Plaintiff, at the jail, why he perceived an immediate threat. (UMF Nos. 26, 28-30).

25  Officer Tonn explained he perceived this threat due to the officer safety concerns with allowing a suspect

26  to make a phone call; the previous incidents in the area involving stolen guns and cars; Plaintiff's hostile

27  and uncooperative demeanor; Plaintiff's refusal to put his phone down; and Plaintiff's movement towards

28  the center console of the vehicle. (UMF Nos. 2, 8-13, 26, 28-30).

{02232571.DOCX}                                        3
DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT

Plaintiff also contends he did not "engage in any resistance as he was being pulled out of his car." (Supp. 3 ¶ 13). The video footage does not support this contention. The video footage captures Plaintiff twist and pull away from Officer Tonn while refusing to put his phone down. (UMF Nos. 11-14). Lastly, Plaintiff contends Officer Tonn did not issue a warning before using force. (Supp. 3 ¶ 15-20). This contention is also inconsistent with the video footage. The video footage clearly captures Officer Tonn state, "You don't get to make a phone call, put your phone down," Officer Tonn then proceeds to tell Plaintiff, "I'm going to take this phone" and, "Put your hands behind your back" to which Plaintiff refuses. (UMF Nos. 10-11).

"The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving. *Graham v Connor*, 490 U.S. 386, 396-397 (1989). "Not every push or shove, even if it may seem unnecessary in the peace of the judge's chambers, violates the Fourth Amendment." *Id.* at 388. "The question is whether the Officer's actions are objectively reasonable in light of the facts and circumstances confronting him. *Id*, at 397. As explained *supra*, and in Defendants' moving papers, Officer Tonn's conduct and decision to use force was objectively reasonable in light of all facts and circumstances surrounding the incident.

### III.

### PLAINTIFF CANNOT ESTABLISH HIS CLAIM FOR BATTERY

In order to prevail on a claim of battery against a police officer, "the plaintiff bears the burden of proving the officer used unreasonable force." *Knapps v. City of Oakland*, 647 F.Supp.2d 1129, 1166, (N.D. Cal. 2009) (citing *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1102 (2004).

Here, the undisputed material facts surrounding Officer Tonn's use of force all point to reasonableness. First, Officer Tonn explained to Plaintiff the reason for the traffic stop, and ordered Plaintiff to put his phone down. (UMF Nos. 7, 10). Plaintiff appeared angry, agitated, and would not listen to Officer Tonn's simple orders. (UMF Nos. 8, 11). Fearing for his safety, Officer Tonn realized conversations with Plaintiff were going nowhere, and that's what led to his decision to pull Plaintiff from the vehicle and detain him. (UMF Nos. 12). Officer Tonn first attempted to grab the phone out of Plaintiff's right hand, but Plaintiff pulled away from Officer Tonn and made a movement towards the

center of his vehicle. (UMF Nos. 13-14). Officer Tonn then grabbed Plaintiff's left hand to initiate a wrist control hold but Plaintiff pulled away from the officer. (Id.). Unable to gain control of Plaintiff, Officer Tonn placed his arm around Plaintiff's neck and brought him to the ground in order to gain control. (UMF Nos. 14-15). While on the ground, despite repeated orders to drop the IPhone, Plaintiff continued to hold onto the phone with his right hand until Officer Tonn was able to knock the phone away. (UMF Nos. 17-19). Officer Tonn told Plaintiff to put his hands behind his back and/or head multiple times to no avail. (UMF No. 19). At no point during the entire struggle, which lasted a little over a minute, did Officer Tonn, or any other officer on scene, threaten Plaintiff or use any weapons to detain Plaintiff. (UMF Nos. 20-22). When looking at the totality of circumstances, the amount of force used was no greater than necessary to effectuate the arrest. Thus, summary judgement should be granted on Plaintiff's state law claim for battery.

## IV.

## PLAINTIFF CANNOT ESTABLISH A VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

Plaintiff contends that the elements of a violation of California Civil Code § 52.1 ("Bane Act") are essentially identical to a § 1983 excessive force claim. Instead of addressing the merits of the Bane Act claim, Plaintiff appears to stand on the contention that a Bane Act claim exists if there is an alleged violation of Plaintiff's Fourth Amendment rights.

The Ninth Circuit has found contrary to Plaintiff's contention in *Lanier v. City of Fresno*. In that case the Court stated, "Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with a separate, affirmative right enjoyed by a plaintiff; it does not apply to a plaintiff's allegation of use of excessive force absent a showing that the act was done to interfere with a separate state or federal constitutional right." *Lanier v. City of Fresno* 2011 WL 149802, at *4 (E.D. Cal., Jan. 18, 2011, No. CV F 10-1120 LJO SKO).

The egregiousness required by Section 52.1 is tested by whether the circumstances indicate the officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure. *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-802 (2017). Recently, in *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018), the Court stated: "*Cornell* also makes clear, however, that the Bane Act imposes an additional requirement beyond a finding of a constitutional violation. *Cornell*

explained that '[p]roperly read, the statutory phrase 'threat, intimidation or coercion' serves as an aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory remedies, beyond tort relief.'" *Id.* at 383.

As discussed previously in Defendants' moving papers, there is no evidence that Officer Tonn acted with a specific intent to violate Plaintiff's rights. Furthermore, a Bane Act claim requires misconduct with accompanying "threats, intimidation or coercion" *Id.* Although Plaintiff alleges facts that Officer Tonn interfered with Plaintiff's Fourth Amendment rights, Plaintiff does not allege any facts that establish that Officer Tonn interfered with rights separate from those under the Fourth Amendment, by means of threats, intimidation, or coercion. Thus, Plaintiff cannot sustain a Bane Act Claim by simply relying on his excessive force arguments and summary judgment should be granted

## V.

## PLAINTIFF CANNOT ESTABLISH HIS CLAIM FOR NEGLIGENCE

Plaintiff does not provide any facts to support his claim for negligence. (Supp. 2 ¶ 15-16). While an officer's use of force must be reasonable for the purposes of a negligence claim, there is also an "agreement that a claim of negligence in connection with the application of force by police personnel requires a showing of (1) a legal duty to use reasonable care, (2) a breach of that duty, (3) proximate causation, and (4) injury to the plaintiff. *Phillips v. TLC Rodriguez v. City of Fresno*, 819 F.Supp.2d 937, 951 (E.D. Cal. 2011) (*citing Plumbing,* 172 Cal.App.4th 1133, 1139 (2009).

To support Plaintiff's negligence claim, Plaintiff only provides one sentence stating, "To prevail on the negligence claim, a plaintiff must show that an officer's conduct was unreasonable under the circumstances." (Supp. 2 ¶¶ 15-16). As explained above, Officer Tonn's conduct and use of force was reasonable under the circumstances. Plaintiff does not provide any evidence to rebut this argument, and Plaintiff frankly fails to address the merits of the negligence claim in its entirety. Therefore, Plaintiff cannot prevail on this claim, and summary judgement should be granted.

## VI.

## CONCLUSION

Based on the foregoing, Defendants respectfully requests that their Motion for Summary Judgment be granted.

1    Dated:  July 1, 2020                           PORTER SCOTT
2                                                   A PROFESSIONAL CORPORATION
3                                                   By /s/ John R. Whitefleet
4                                                        John R. Whitefleet
                                                         Kavan J. Jeppson
5                                                        Attorneys for Defendants
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{02232571.DOCX}                    7
DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT