UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT STRONG,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF VALLEJO, JARRETT TONN, ANDREW BIDOU, and DOE VALLEJO POLICE OFFICERS 1-25,<br><br>          Defendants. | No. 2:18-cv-01246 WBS AC<br><br>ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff Robert Strong filed this action against defendants City of Vallejo, Jarrett Tonn, Andrew Bidou, and Doe police officers 1 through 25, alleging violations of federal and state law arising from defendant Tonn's arrest of plaintiff. The Complaint contains claims for: (1) excessive force in violation of the Fourth Amendment, 42 U.S.C. § 1983; (2) false arrest in violation of the Fourth Amendment, 42 U.S.C. § 1983 (3) negligence; (4) battery; (5) intentional infliction of emotional

1

distress; (6) false imprisonment; and (7) violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1.  The Complaint also asserted Monell[1] claims against the City of Vallejo under Claims One and Two.  Before the court are the parties' cross-motions for summary judgment. (Docket Nos. 14 & 15.)

        In his first opposition to defendants' motion for summary judgment, plaintiff dismissed his false arrest claim (Claim Two).  (Pl.'s Initial Opp'n at 10 (Docket No. 20).)  Because plaintiff initially failed to respond to defendants' motion to dismiss the state law claims (Claims Three through Seven), the court requested supplemental briefing to clarify plaintiff's position with respect to those claims.  (Docket No. 29.)  In his supplemental opposition, plaintiff pursues only "three state law claims": claims for negligence (Claim Three), battery (Claim Four), and violation of the Tom Bane Act (Claim Seven).  (Pl.'s Supp. Opp'n at 2 (Docket No. 32).)  The court will therefore grant defendants' motion for summary judgment as to Claims Two, Five, and Six.

        Further, although the court expressly asked plaintiff to clarify his position as to his Monell claim under Claim Two, plaintiff chose not to do so.  (See Order (Docket No. 29); Pl.'s Supp. Opp'n.)  Given the two opportunities to respond and the court's specific request, plaintiff's silence will be construed as a concession to defendants' motion on that claim.  (See Defs.' Mot. Summ. J. at 14-15 (Docket No. 14); see generally Pl.'s Initial Opp'n; Pl.'s Supp. Opp'n; see also Pl.'s Reply (Docket

---

[1] Monell v. Department of Social Services, 436 U.S. 658 (1978).

2

1  No. 23).)

2       Accordingly, the remaining claims at issue are
3  plaintiff's federal claim for excessive force under 42 U.S.C. §
4  1983 (Claim One), and his state law claims for negligence (Claim
5  Three), battery (Claim Four), and violation of the Tom Bane Act
6  (Claim Seven).

7       There are genuine disputes of material fact here that
8  preclude summary judgment on plaintiff's claim for excessive
9  force.  The parties strongly disagree as to whether Tonn used a
10 carotid hold or a control hold to arrest plaintiff and neither
11 video recording resolves that dispute.  Thus, because there is a
12 genuine issue of fact as to whether the hold Tonn employed was
13 one that constitutes deadly force, the court cannot conclude as a
14 matter of law whether that force employed was reasonable.
15 Summary judgment is therefore inappropriate for either side on
16 Claim One.

17      Defendants contend that Tonn is entitled to qualified
18 immunity.  "Qualified immunity protects government officers 'from
19 liability for civil damages insofar as their conduct does not
20 violate clearly established statutory or constitutional rights of
21 which a reasonable person would have known.'"  Maxwell v. Cty. of
22 San Diego, 708 F.3d 1075, 1082 (9th Cir. 2013).  A defendant is
23 entitled to qualified immunity if either (1) plaintiff has not
24 "alleged" or "shown" facts that would make out a constitutional
25 violation or (2) the constitutional right allegedly violated was
26 not "'clearly established' at the time of defendant's alleged
27 misconduct."  A.D. v. Cal. Highway Patrol, 712 F.3d 446, 453–54
28 (9th Cir. 2013) (citing Pearson v. Callahan, 555 U.S. 223, 232,

1  236 (2009)).

2           For the same reason that the court cannot grant summary
3  judgment on the merits of Claim One, given the facts in dispute,
4  the court cannot conclude as a matter of law that Tonn did not
5  violate plaintiff's Fourth Amendment rights or that the
6  constitutional right to be free from the force used was not
7  clearly established.

8           Further, the parties agree that plaintiff's claims for
9  negligence (Claim Three) and battery (Claim Four) also turn on
10 whether the force applied was reasonable. (See Pl.'s Supp. Opp'n
11 at 1; Defs.' Supp. Reply at 4, 6 (Docket No. 33).)  The dispute
12 as to the hold employed during plaintiff's arrest therefore also
13 precludes summary judgment as to those claims.  The court
14 therefore will deny summary judgment on Claims Three and Four.

15           Finally, the parties disagree as to the elements of a
16 Tom Bane Act claim.  Plaintiff contends that the elements of the
17 excessive force claim under Section 52.1 are the same as under
18 Section 1983.  (Pl.'s Supp. Opp'n at 1; see Chaudhry v. City of
19 Los Angeles, 751 F.3d 1096, 1105 (9th Cir. 2014)).  Defendants,
20 on the other hand, rely on Reese v. County of Sacramento, 888
21 F.3d 1030, 1043 (9th Cir. 2018), for the proposition that, in
22 addition to proving a constitutional violation, plaintiff must
23 prove that Tonn had the "specific intent" to violate plaintiff's
24 rights.  (Defs.' Mot. Summ J. at 17-18.)

25           The court agrees with defendants.  The Ninth Circuit in
26 Reese explicitly held that specific intent to violate the
27 plaintiff's rights is a requirement of a Tom Bane Act claim.  888
28 F.3d at 1043 ("[T]he Bane Act requires . . . a specific intent to

4

violate the arrestee's right to freedom from unreasonable seizure."). Moreover, the Reese court clarified that, although the Ninth Circuit had previously found that only a constitutional violation was needed to succeed on a Tom Bane Act claim, those cases "did not address whether the [] Act required some showing of intent in addition to showing the constitutional violation." Id. at 1044 (citing Chaudhry, 751 F.3d at 1105; Cameron v. Craig, 713 F. 3d 1012, 1022 (9th Cir. 2013)).

Thus, to succeed on this claim, plaintiff must show (1) that defendant Tonn violated his constitutional rights using excessive force, and (2) that Tonn had a specific intent to violate those rights. See Villanueva v. California, No. 8:17-CV-01302 JLS KES, 2019 WL 1581392, at *15 (C.D. Cal. Jan. 31, 2019). However, the law does not require that intent be proven by direct evidence; intent, like other states of mind, must typically be inferred from evidence of what the defendant did, the surrounding circumstances, and all the other evidence in the case. Here, if plaintiff's version of the facts is accepted, a reasonable jury could find from the nature and degree of the force used that defendant Tonn acted with the intent to violate plaintiff's right to be free from unreasonable force. The court will therefore deny summary judgment to either side on Claim Seven.

IT IS THEREFORE ORDERED, that defendants' motion for summary judgment be, and the same hereby is, GRANTED with respect to Claim One as against the City of Vallejo and Claims Two, Five, and Six of the Complaint as against all defendants.

IT IS FURTHER ORDERED, that plaintiff and defendants' motions for summary judgment be, and the same hereby are, DENIED

5

with respect to Claim One as against defendant Tonn and Claims Three, Four, and Seven.

Dated:  July 22, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE